**STATE of Iowa, Appellee,**

v.

**Mark ASCHAN, Appellant.**

No. 84–788.

Supreme Court of Iowa.

April 17, 1985.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady and Raymond E. Rogers, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Pamela S. Greenman, Asst. Atty. Gen., and A. Patricia Houlihan, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Defendant Mark Aschan contends that his substantive due process rights under the fourteenth amendment to the United States Constitution were violated when the State terminated a pretrial diversion agreement. Under the terms of that agreement, the State had placed defendant in a sexual abuse treatment program and agreed that if he satisfactorily completed the program he would be allowed to plead guilty to an aggravated misdemeanor rather than being prosecuted for the felony offense of sexual abuse in the second degree. Subsequently, the prosecution terminated the agreement,

contending that defendant had not complied with several program requirements. Defendant was charged with the felony offense, and his motion to dismiss alleging violation of his constitutional rights was denied following a full evidentiary hearing. Defendant then was tried and convicted of sexual abuse in the second degree in violation of Iowa Code sections 709.1 and 709.3 (1983). We affirm.

### I.  *Pertinent Facts.*

We need not spread on these pages details of the unpleasant events which led to defendant's arrest for sexually abusing his seven year old daughter. The State introduced at trial abundant evidence to support defendant's conviction and sentence for second-degree sexual abuse. The sole issue in this appeal is whether the State improperly terminated the pretrial diversion agreement which was designed to provide defendant with supervised treatment and an opportunity to avoid mandatory incarceration by satisfactorily completing the program.

When defendant was initially charged in a preliminary complaint with the offense of sexual abuse in the second degree, the prosecution offered him the opportunity to participate in its Intra Family Sexual Abuse Program (the program) at a Des Moines mental health facility. The prosecution had established several requirements for persons wishing to participate in the program which called for outpatient treatment over a period of fifteen months. Defendant was required to confess to sexually abusing the victim, to waive his right to a speedy indictment and trial, and to execute a written agreement which expressly and voluntarily waived his rights and acknowledged specific terms and conditions of the program. Defendant had full knowledge of the program requirements and the advice of counsel when he signed the written agreement in which he agreed to abide by the rules and regulations governing the program. For its part the prosecution agreed in writing that "in exchange for defendant's cooperation in this matter"

defendant would be charged with and required to plead guilty to the aggravated misdemeanor offense of indecent contact with a child, rather than the felony offense of sexual abuse with which he had initially been charged and which carried a mandatory term of incarceration.

Approximately five months after defendant commenced treatment, the county attorney terminated defendant's participation in the program on the ground that he had not fulfilled his obligation to cooperate with the counselor and his promise to comply with the terms of his written agreement. When defendant was rearrested and formally charged with second degree sexual abuse, he alleged he had been unfairly terminated from the program and moved to dismiss the felony charge on due process grounds.

The trial court held a complete evidentiary hearing, found that the prosecution had good cause for terminating the pretrial diversion agreement, and overruled defendant's motion to dismiss. Following a bench trial, with a different judge presiding, defendant was found guilty and sentenced to an indeterminate twenty-five year term of incarceration for sexual abuse in the second degree.

In this direct appeal from the court's denial of his motion to dismiss, defendant contends that substantive due process under the fourteenth amendment gave him the right to complete the pretrial diversion program and be charged only with a misdemeanor offense rather than the class B felony offense of sexual abuse in the second degree.

### II.  *Due Process and Fair Play.*

The due process issue which the parties have presented in this appeal is quite narrow. Defendant asks us to find that his termination from the program violated his substantive due process right to fundamental fairness and fair play because he had performed the promises he made in entering the program. The relief he requests is that he be allowed to complete the program

and plead guilty to a misdemeanor rather than a felony offense.

Defendant does not challenge the procedural adequacy of the hearing which preceded denial of his motion to dismiss. We thus are not concerned with such questions as whether defendant received notice and a fair opportunity to be heard in an impartial forum before his participation in the program could be terminated. *See, e.g., Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761–62, 36 L.Ed.2d 656, 664 (1973) (listing six minimum requirements of procedural due process which state must follow before revoking probation); *State v. Grimme,* 274 N.W.2d 331, 336–37 (Iowa 1979) (explaining procedures which are due a defendant terminated from a drug treatment program).

The State asks that we affirm the denial of defendant's motion to dismiss on essentially two grounds: (1) that the prosecution acted reasonably, not unfairly or arbitrarily, in terminating defendant from the program because he violated requirements for its continuation; and (2) that defendant did not rely to his detriment on the pretrial diversion agreement because his confession was not offered in evidence at the subsequent criminal trial and he was not prejudiced by participating for several months in the program.

The State in its brief and argument concedes that the prosecutor's action in terminating defendant from the program should be measured by a basic standard of fundamental fairness, stating that due process would be denied if the termination would "shock the sense of fair play." The State may have conceded too much in linking prosecutorial fair play to the requirements of the due process clause of the fourteenth amendment. In the recent case of *Mabry v. Johnson,* —— U.S. ——, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), the Court affirmed the conviction of a defendant who claimed that the due process clause entitled him to enforce the terms of a favorable plea bargain which the prosecution had withdrawn before it had been accepted by the court. Defendant's conviction rested on a second less-favorable plea bargain. The Court explained that the due process clause does not in itself entitle an individual to enforcement of a bare promise or agreement.

> A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution.

*Id.* at ——, 104 S.Ct. at 2546, 81 L.Ed.2d at 442. Here, as in *Mabry,* the plea agreement which defendant seeks to enforce was never presented to nor accepted by the trial court. Defendant pleaded not guilty after his motion to dismiss was denied, and the judgment of conviction resulted not from a tainted guilty plea but from a jury trial.

Nevertheless, because the parties have postured the issue before us as one involving fundamental fairness and fair play under the due process clause, we decide the case by applying that standard. There is precedent outside the due process clause for requiring that the prosecutor's conduct with respect to plea bargaining be measured by "our time-honored fair play norm." *State v. Kuchenreuther,* 218 N.W.2d 621, 624 (Iowa 1974) (setting aside felony conviction because county attorney reneged on plea-bargain promise to charge only misdemeanor, though due process claim not preserved). Moreover, Standard 3–4.2(c) of the American Bar Association's Standards for Criminal Justice (1982 Supp.) provides:

> It is unprofessional conduct for a prosecutor to fail to comply with a plea agreement, unless a defendant fails to comply with a plea agreement or other extenuating circumstances are present.

Thus do we undertake to decide whether the termination of defendant from the program violated the standard of fundamental fairness and fair play which the posture of this case presents, hypothesizing but not deciding that the due process clause is the basis for applying that standard.

### III. *Was Termination Fundamentally Unfair to Defendant?*

■ Defendant's primary contention is that the prosecution unfairly terminated his participation in the pretrial diversion program without adequate cause. The trial court addressed that factual question and found that the termination had not been arbitrary but was reasonable in view of defendant's failure to perform his own obligations under the agreement. We have undertaken a careful de novo review of the evidence because defendant has asserted constitutional due process rights. *See State v. Eubanks*, 355 N.W.2d 57, 58 (Iowa 1984); *State v. Oliver*, 341 N.W.2d 25, 28 (Iowa 1983). We come to the same conclusion as the trial court.

The written agreement which defendant signed upon entry into the program committed him to perform several quite specific obligations as well as several that were general in nature. Defendant agreed that he would have no contact with his wife and children and later agreed that he would have no contact with another woman who was participating in a treatment program and her children. The record shows, however, that he did violate those agreements by having contact with several of those persons.

Defendant was to undertake a daily search for employment, but he did not do so. Defendant agreed to comply with the rules of the mental health facility that administered the program and promised "to cooperate in good faith with the treatment aspect of this program." He also acknowledged that program officials could place additional requirements upon him. Again, the record supports the trial court's findings that defendant did not cooperate in good faith with his counselor and did not carry through genuinely on recommendations made to him by the personnel at the mental health facility. He misrepresented to staff personnel what activities he was performing, and he also misstated to some of his counselors what others had said to him during the course of the treatment.

The authorities cited by defendant do not support his contention that the State's action in this case violated fundamental notions of fairness. Defendant asks us to adopt the approach taken by the Washington Supreme Court in a recent case concerning a similar pretrial diversion agreement, *State v. Marino*, 100 Wash.2d 719, 674 P.2d 171 (1984). The *Marino* court said that a court reviewing termination of such an agreement must make an independent determination of the reasonableness of the action taken by the state, placing the burden of proof on the state to show that it has acted reasonably. *Id.* at 725, 674 P.2d at 174–75. The holding of *Marino*, however, was that the trial court properly found from the evidence that the prosecutor's decision to terminate was reasonable in light of the facts ascertainable from the evidence. *Id.* at 726–27, 674 P.2d at 175–76. The evidence there showed that the defendant had repeatedly failed to keep counseling appointments and also had failed to arrange for resumption of regular counseling. The court concluded:

> The accused will be afforded full protection of his bargain only if factual disputes are resolved and review of the prosecutor's discretion is based on the evidence.
>
> Because the procedure followed by the trial court substantially satisfies the criteria we adopt for termination of pretrial diversion agreements, we find that appellant has not been denied due process.

*Id.* at 727, 674 P.2d at 176.

Without deciding whether the analysis suggested in *Marino* must be invoked whenever a defendant contends that the prosecution has not fulfilled its obligations under a plea bargain, we find that such an analysis does not yield a result favorable to defendant in this case. Here, as in *Marino*, the evidence satisfactorily establishes that the prosecution had adequate cause for terminating defendant from the program.

Defendant contends that the trial court improperly placed on him the burden of proving that the State had acted unreason-

ably in terminating him from the program. We need not decide whether the State or the defendant should have had the burden of proof on that issue, because the trial court in its ruling cited the *Marino* case and followed its procedural guidelines which placed the burden on the State. *Id.* at 725, 674 P.2d at 175. Regardless which party had the burden of proof on the issue, the evidence clearly establishes that defendant was properly terminated from the program because he had violated obligations which the pretrial diversion agreement cast upon him.

## IV. *Was Defendant Unfairly Prejudiced by Termination?*

■ Only those state deprivations of liberty interests which result in a grievous loss to the individual implicate the due process clause. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). We conclude from our de novo review of the record that defendant did not rely to his detriment on the pretrial diversion agreement and was not prejudiced by participating for several months in the treatment program offered by the prosecution. First, it is clear from the record that defendant knowingly and voluntarily waived his rights to a speedy indictment and trial and his right not to incriminate himself. Those waivers were explicitly set forth in the written agreement which he executed after receiving advice of counsel, and defendant does not contend they are invalid.

■ Defendant contends that the filing of the felony charge itself violated the diversion agreement and detrimentally infringed his due process rights. He cites *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), but that case, unlike this one, involved a guilty plea induced by a plea bargain that the prosecution did not fulfill. Defendant here entered a plea of not guilty, not a guilty plea. Moreover, the written inculpatory statement which defendant provided the State as a condition for entering the program was not intro-duced in evidence at the trial nor in any way used against defendant. *See* Iowa R.Crim.P. 9(5) (plea agreement and guilty plea are inadmissible at trial when plea discussion does not result in accepted guilty plea). Defendant lodges no complaint concerning the fairness of the trial which resulted in his conviction.

Granted defendant did not obtain the benefits of the plea bargain—a reduced charge and hoped-for rehabilitation for which the treatment program was designed. Defendant lost those potential benefits solely because he failed to uphold his end of the plea bargain and complete the program satisfactorily, not because the prosecution infringed his constitutional rights as he has claimed.

■ We reemphasize that this appeal presents primarily a question of fact which we have carefully considered and resolved adversely to defendant. Plea bargaining flows from "the mutuality of advantage" to the defendant and the prosecutor, each with reasons for wanting to avoid trial. *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 611 (1978), *quoting from Brady v. United States,* 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 758–59 (1970). The performance of a plea-bargained agreement must also be mutual. When defendant failed to uphold his end of the plea bargain, the State had no obligation to provide him any anticipated benefits of that bargain. We do not decide whether procedural or substantive due process rights were implicated in that plea bargain, nor what may be the scope and breadth of those rights. Neither do we decide what would have been an appropriate sanction if the defendant had fulfilled his obligations but the State had not.

The trial court correctly denied defendant's motion to dismiss. His conviction and sentence for sexual abuse in the second degree are affirmed.

AFFIRMED.