Mark A. ASCHAN, Appellant,

v.

C.J. AUGER; Thomas J. Miller, Appellees.

No. 87-2685.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1988.

Decided Nov. 18, 1988.

Rehearing Denied Dec. 13, 1988.

Mary K. Hoefer, Iowa City, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellees.

Before McMILLIAN and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Mark A. Aschan appeals from a final order entered in the United States District Court[1] for the Southern District of Iowa denying his petition for habeas corpus relief. *Aschan v. Sissel,* Civ. No. 85–867–B (S.D.Iowa Nov. 19, 1987). Appellant is an inmate at the Iowa State Reformatory; John Sissel is the acting warden.[2] Appellant contends that he is being deprived of his liberty by reason of a violation of his fourteenth amendment right to fundamental fairness and fair play. Specifically, appellant argues that the state, by prosecuting him on the charge of second degree sexual abuse, violated a pre-trial diversion agreement. Secondly, he asserts a procedural due process claim predicated on his contention that the state district court erroneously placed the burden of proof upon him. We disagree and, accordingly, affirm the order of the district court.

In May 1983 appellant was arrested and charged with sexually abusing his seven-year-old daughter. The county prosecutor offered and appellant accepted an opportunity to participate in the Polk County Pre–Trial Intra–Family Sexual Abuse Diversion Program. As a condition of that program, appellant executed a waiver of speedy trial and indictment and a written confession; he also agreed to abide by the rules and regulations of the program. In exchange for appellant's cooperation, the state agreed to and did charge him with an aggravated misdemeanor offense of indecent contact with a child, instead of the felony sexual abuse charge.

Appellant was placed in the out-patient therapy program. Five months later the county attorney terminated appellant's participation in the program because he had not fulfilled his obligation to cooperate with the program counselor and to comply with the terms of the pre-trial diversion agreement. Consequently, appellant was rearrested and charged with second degree sexual abuse.

After giving appellant a complete evidentiary hearing, the state trial court found that the prosecution had good cause[3] for terminating the pre-trial diversion agreement and overruled appellant's motion to dismiss. After a bench trial before a different judge, appellant was found guilty as charged and sentenced to an indeterminate twenty-five-year term of incarceration. His conviction was affirmed by the state supreme court. *State v. Aschan,* 366 N.W. 2d 912 (Iowa 1985). He then filed a habeas petition in federal district court. The district court noted, and correctly so, that construction of the terms of the pre-trial diversion agreement was a matter of state law.

[T]he construction of the plea agreement and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law.... [O]nce a state court has, within broad bounds of reasonableness, determined that a breach of a plea agreement results in certain consequences, a federal habeas court must independently assess the effect of those consequences on federal constitutional rights. This independent assessment, however, proceeds without second-guessing the finding of a breach and is not a license to substitute a feder-

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

2. C.J. Auger, who was warden and named respondent, died recently. John Sissel, the acting warden, is automatically substituted as respondent pursuant to Fed.R.Civ.P. 25(d)(1).

3. The state court found that appellant had contacted several people, including his wife and children, whom he had agreed not to contact; that appellant had failed to search daily for employment; that he failed in good faith to cooperate with his counselor and to carry out counselor's recommendations; and that he made many misstatements to his counselor during the course of his treatment.

al interpretation of the terms of a plea agreement for a reasonable state interpretation.

*Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 2684 n. 3, 97 L.Ed.2d 1 (1987). The district court found that the Iowa Supreme Court's construction of the pre-trial diversion agreement and the obligations flowing therefrom were within the broad bounds of reasonableness and that all of the fact findings were fairly supported by the record.

■ We now examine appellant's argument that he had an enforceable plea bargain and that the state violated it by putting him on trial for second degree sexual abuse. First, we note that appellant did not have a plea bargain; he merely had an executory agreement which would have ripened into the bargained-for misdemeanor plea if he had substantially fulfilled his obligations under the agreement. *See Mabry v. Johnson,* 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984). The pre-trial diversion agreement is analogous to a plea agreement. *See, e.g., United States v. Hicks,* 693 F.2d 32, 33 (5th Cir.1982) (drawing analogy between pre-trial diversion agreement and plea bargain agreement), *cert. denied,* 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983). The bargained-for lesser charge is not enforceable until the defendant substantially performs the agreed-to obligations, somewhat akin to the operation of conditions precedent in the law of contracts. We agree with the district court that appellant breached the pre-trial diversion agreement. The state trial court's findings that appellant had violated the rules and requirements of the treatment program and had refused to cooperate with his counselors are supported by the record. Because appellant breached the pre-trial diversion agreement, he cannot enforce it against the state.

■ Appellant's final contention about the allocation of the burden of proof is meritless. While it is true that during the hearing on appellant's motion to dismiss the state trial court's statement erroneously placed the burden of proof on him, it is also true that the state trial court's written ruling on the motion to dismiss shows that it abandoned that mistaken view in its analysis. The state supreme court reviewed this issue de novo and concluded that the state trial court had properly placed the burden of proof on the state. The district court reviewed this record de novo and agreed that the state trial court did not misallocate the burden of proof on the issue whether appellant had violated the terms of the pre-trial diversion agreement.

Accordingly, the order of the district court is affirmed.