STATE of Iowa, Appellee,

v.

Richard E. BARKER, Appellant.

No. 90–1159.

Court of Appeals of Iowa.

Aug. 27, 1991.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Richard Crowl, County Atty., for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Richard Barker entered negotiated pleas of guilty to two counts of theft in the second degree. The plea bargain called for the dismissal of other charges against Barker and for the dismissal of all charges against his wife.

During the plea proceeding the assistant county attorney said he would recommend a deferred judgment on two conditions. First, Barker must cooperate with authorities in certain ongoing criminal investigations. Second, Barker's criminal record, as shown by the presentence investigation report, must prove to be "relatively clean" and to be roughly the same as expected by the authorities.

At the later sentencing hearing, the State withdrew from the plea agreement. The county attorney contended Barker had not cooperated with authorities, and Barker's prior criminal record was more extensive than anticipated. Barker thereupon moved for permission to withdraw his guilty pleas. The district court denied this motion. Barker was then sentenced to two concurrent prison terms of up to five years each.

Barker has appealed his convictions. He contends he should have been permitted to withdraw his guilty pleas because the State had breached its plea agreement to recommend a deferred judgment. He asserts the conditions initially stated for a recommendation of deferred judgment were in fact met. Barker argues he cooperated with ongoing investigations to the best of his ability. Further, he asserts his prior criminal record was minor and did not substantially exceed what the authorities had expected.

Our scope of review is on errors of law. Iowa R.App.P. 4. Our standard of review is abuse of discretion. *State v. Lummus,* 449 N.W.2d 95, 96 (Iowa App.1989). We do not defer to the trial court in the matter of the applicable law. *Id.* The trial court's order will be reversed if there is no reasonable basis for it in the record. *Id.*

I. The United States Supreme Court has upheld the plea bargaining process. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). It should be noted at the outset the prosecuting attorney at the plea hearing was different from the prosecuting attorney at the sentencing. The judges at the two hearings were also different. Thus, this case is factually quite similar to *Santobello.* Additionally, both the prosecutor's and the judge's actions at the sentencing hearing in *Santobello* and this case are similar. For the reasons which follow, we reach the same conclusion in this case as did the United States Supreme Court in *Santobello.*

The Iowa courts have repeatedly endorsed the plea bargaining process. *See Lummus,* 449 N.W.2d at 96–99 (an extensive analysis traces the limits of due process in plea bargaining, including unilateral withdrawal by the prosecutor).

The United States Supreme Court has defined the constitutional significance of the phases of the plea bargaining process.

> A plea bargain standing alone is without constitutional significance; it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing plea that implicates the Constitution.

*Mabry v. Johnson,* 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437, 442 (1984).

The Iowa Supreme Court has followed this rationale. *State v. Aschan,* 366 N.W.2d 912, 915 (Iowa 1985), *aff'd on habeas corpus review Aschan v. Auger,* 861 F.2d 520 (8th Cir.1988). Our supreme court has endorsed the following rule:

> The State may withdraw from a plea bargain at any time prior to, but not after, actual entry of the guilty plea by defendant or other action by defendant constituting detrimental reliance upon the arrangement.

*State v. Edwards,* 279 N.W.2d 9, 11 (Iowa 1979).

■ The standard uniformly applied by the Iowa courts to "the prosecutor's conduct with respect to plea bargaining [is] measured by 'our time-honored fair play norm.'" *Aschan,* 366 N.W.2d at 915. As a separate and distinct consideration, the due process clause mandates "fundamental fairness and fair play." *Id.; see also State v. Ashley,* 462 N.W.2d 279, 281 (Iowa 1990) ("the [sentencing] hearing must measure up to the essentials of due process and fair treatment" and fundamental fairness). If the prosecutor breaches the plea agreement, the remedy is either specific performance or withdrawal of the guilty plea. *State v. Hinners,* 471 N.W.2d 841, at 845 (Iowa 1991). Thus, once the plea is entered, the defendant's due process rights attach to the plea agreement.

Our review of the pertinent Iowa cases reveals the supreme court has uniformly *looked to the record* made by the trial court at the time of sentencing to determine whether the State was justified in withdrawing the plea bargain after the plea had been entered. *See State v. Hovind,* 431 N.W.2d 366, 369 (Iowa 1988) ("It is evident from a review of the record that the trial court had ample basis and evidence to conclude defendant did not honor his obligations under the plea bargain agreement and that the State was free to pursue a full prosecution against defendant for the [ ] offense."); *Aschan,* 366 N.W.2d at 916 ("We have undertaken a careful de novo review of the evidence because the defendant has asserted constitutional due process rights. [citations omitted]").

■ II. The trial court has broad discretion on whether to accept a guilty plea. *State v. Wenzel,* 306 N.W.2d 769, 771 (Iowa 1981). If the plea bargain is conditioned on the court's acceptance, the trial court has three options: 1) it may accept the plea bargain arrangement; 2) it may reject the arrangement and allow the defendant to withdraw the plea; 3) it may defer its decision until it received the presentence report. *Id.;* Iowa R.Crim.P. 9(2). The court may also inform the defendant it will not be bound by the plea agreement and allow withdrawal of the plea. Iowa R.Crim.P. 9(4).

Our review of the trial court's ruling is on abuse of discretion. *Lummus,* 449 N.W.2d at 96. "The trial court's order may be reversed if it is found that there is no reasonable basis for it in the record." *Id.*

■ III. During the initial pleas in this case, the trial court accepted Barker's guilty pleas conditioned on Barker's cooperation with the sheriff "to the best of [Barker's] ability." The acceptance was also conditioned upon the presentence report showing Barker's record "does not extend much beyond what's been discussed here" (no felonies, "some juvenile and traffic," and a misdemeanor criminal trespass). The court did not warn Barker it would not be

bound by the plea arrangement and afford Barker the opportunity to withdraw his plea, as provided by Iowa R.Crim.P. 9(4). Therefore, the trial court was bound by the plea arrangement conditions, unless it afforded Barker the opportunity to withdraw his plea at the time of sentencing. *See Wenzel,* 306 N.W.2d at 771–72.

■ IV. Barker has twenty-four items listed on his presentence report under the heading of prior record. However, of these twenty-four items, only three constitute adult convictions prior to this case. The last conviction was in 1983. All three adult offenses (one in 1976 and two in 1983) were misdemeanors. The prosecutor and court were aware of one of the 1983 convictions at the plea hearing. There are two juvenile delinquency dispositions of which the State and the court were aware. While the sentencing court may consider a juvenile record when sentencing for a felony, Iowa Code § 232.55; *State v. Hagemeier,* 310 N.W.2d 218 (Iowa 1981), the court may not consider those crimes for which the defendant has been charged but not convicted. *State v. Black,* 324 N.W.2d 313 (Iowa 1982).

■ Thus, the first question we face is whether Barker's "criminal record [ ] extend[s] much beyond what's been discussed here [at the plea hearing]." We can discover only two misdemeanor convictions, one in 1976 and the other in 1983, which apparently were unknown at the time of the plea hearing. Yet the trial court at the time of sentencing indicated:

It doesn't make any difference to me whether the County Attorney recommends deferred or whatever or not. It's my decision. I'm going to do what I'm going to do. I'll be real honest with you.

I'm looking at a fellow here that's got a long record and just no way I'm going to give him a deferred judgment. I don't care if you have the Attorney General and every other County Attorney in the state recommending a deferred. He's not going to get it.

We find two flaws in the court's sentencing criteria. First, the sentencing court is required to

weigh and consider *all pertinent matters* in determining proper sentence....

\* \* \* \* \* \*

The duty of a sentencing judge in every case is to consider the available options, to give due consideration to *all circumstances* in the particular case, and to exercise that option which will best accomplish justice both for the defendant and society.

*State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979) (emphasis added).

The sentencing court's comments indicate the court was unwilling to consider the county attorney's position in this case. Rather, the court's statements show the "long record" of the defendant was the primary consideration in the court's sentence. This is the second flaw in the sentencing court's reasoning.

The presentence investigation report shows twenty-four items under the heading of prior record. However, several of these were charges which were dismissed. These the court may not consider. Others included the juvenile dispositions, traffic violations, and the criminal trespass misdemeanor conviction, all of which the first court at the plea hearing was aware. The two remaining misdemeanor convictions, one almost fifteen years old and the other eight years old, do not "extend much beyond" what was discussed at the plea hearing. In basing its decision on the extent of Barker's record, the sentencing court went outside the plea agreement tentatively allowed by the plea court and considered matters which it legally should not have considered, such as the defendant's record of arrests without convictions. We determine the sentencing court abused its discretion by acting in this manner.

■ V. However, our critique of the sentencing court's performance does not end here. The sentencing court continued its reasoning, stating on the record:

COURT: County Attorney does not control what the Court does. And Mr. Barker I'm sure was told this during the plea, that the Court is not bound by the

plea bargain. The Court didn't say I will go along with the plea bargain. Did he accept the plea bargain?

DEFENDANT: That's how I understand it. If I—

COURT: Well, you're going to have to show me in the record where he did. I'm sure he didn't because we don't do business that way here. And sometimes you make that assumption.

[DEFENSE ATTORNEY]: The indication by the Court was that if the things that the State had agreed to do was not going to occur, then the Court was willing to allow Mr. Barker to withdraw his guilty plea.

COURT: I'd have to see that transcript. I'll go through the sentencing and we can also back up on this if he can show me a transcript, I suppose. That's not the way we do business in this district. I've never taken a plea and I don't think the other Judges do either. I won't say I've never. Couple of times I have taken a plea and been bound by the plea bargain. That's a very rare instance.

We have reviewed the transcript of the plea hearing. Nowhere do we find the court ever informed Barker it would not be bound by the plea agreement. In fact, the tenor of the court's statements shows the opposite. Furthermore, Iowa R.Crim.P. 9(4) states in pertinent part:

If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, *the court shall inform the parties of this fact,* afford the defendant the opportunity to then withdraw his or her plea, and advise the defendant that if he or she persists in his or her guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The court did not inform Barker when it accepted his plea it would not be bound by the plea agreement. The clear language of Iowa R.Crim.P. 9(4) mandates the court to inform the defendant if it does not intend to be bound by the plea agreement. In the absence of such informing, the court is bound to the plea agreement. Thereafter, if the trial court does not go along with the plea agreement, it must allow the defendant to withdraw his or her guilty plea. *Wenzel,* 306 N.W.2d at 771–72.

We determine the sentencing court abused its discretion by not honoring the plea agreement and not allowing the defendant to then withdraw his guilty plea.

VI. We turn now to the prosecutor's actions. Once a plea based upon a plea bargain has been accepted by the trial court, the prosecutor may not unilaterally withdraw the plea bargain without providing some sort of basis for its action or affording some sort of due process. "The basic or fundamental elements of due process are notice and opportunity to be heard." *Carr v. Iowa Employment Security Commission,* 256 N.W.2d 211, 214 (Iowa 1977).

■ The prosecution in the present case withdrew from the plea bargain agreement at Barker's sentencing. Barker's plea had already been entered in reliance on the plea bargain worked out with the State. Therefore, we look to the record to determine if the State has carried its burden to show the defendant did not live up to his end of the plea agreement. We also look to the record to determine if the prosecutor's conduct aside from the due process clause complies with "our time-honored fair play norm." *Aschan,* 366 N.W.2d at 915 (citing *State v. Kuchenreuther,* 218 N.W.2d 621, 624 (Iowa 1974)).

There is no evidence in the record to show the factual basis for the State's withdrawal of the plea agreement. The prosecutor merely claimed Barker failed to cooperate satisfactorily with the sheriff. The State on appeal argues the prosecutor's "professional statement" should provide enough evidentiary basis for the withdrawal. We disagree.

The prosecutor's statement is merely a bald statement, not under oath, with no apparent basis in the record. Nothing indicates the prosecutor had any personal knowledge whatsoever of Barker's cooperation with the sheriff or lack thereof. The State has the burden in this matter. They

simply introduced no evidence whatsoever. We note Barker was only required to cooperate "to the best of his ability," which he claimed to have done.

VII. Additionally, the State did not apprise Barker or his attorney of its withdrawal from the plea agreement before the sentencing hearing. *See generally State v. Ashley*, 462 N.W.2d 279, 281–82 (Iowa 1990). This lack of notice impinges on our sense of fundamental fairness. Coupled with the distinct lack of any evidence in the record to support the prosecutor's assertion of failure to cooperate with the sheriff, the failure to give notice by the prosecutor amounts to abuse of prosecutorial discretion. The proper remedy in such a case is either specific performance of the plea agreement or withdrawal of the guilty plea. *State v. Hinners*, 471 N.W.2d 841, at 845 (Iowa 1991).

VIII. There is insufficient evidence in the record for us to determine if indeed Barker cooperated with the sheriff to the best of his ability. However, because the record indicates the State withdrew from the agreement without notice to Barker and without providing any evidence of Barker's failure to live up to his end of the plea agreement, he should be allowed to withdraw his guilty plea. This is the remedy mandated by the supreme court when the trial court refuses to be bound by a plea agreement it had previously indicated it would allow. *Wenzel*, 306 N.W.2d at 771–72.

We reject the State's argument Barker has not relied on the plea agreement to his detriment. Barker was induced by the bargain to enter his plea. He agreed to the plea bargain as a package. Neither the State nor the defendant should be allowed to breach a material part of the agreement and then hold the other party to the remainder.

IX. In summary, we determine the sentencing court abused its discretion by not considering all the information available for sentencing, by not following the previous court's adherence to the plea agreement, and by not allowing Barker to withdraw his plea when the sentencing court refused to honor the agreement.

The prosecutor abused her discretion by failing to provide notice of the State's withdrawal from the plea agreement, by failing to provide any evidence of Barker's alleged failure to perform his part of the plea agreement, and by withdrawing from the plea agreement without good cause and with no evidentiary basis after the plea had been accepted by the trial court.

We hold Barker should be allowed to withdraw his guilty pleas. We reverse the sentencing court on this issue. Accordingly, Barker's sentence is vacated.

This case is remanded to the Pottawattamie County District Court for further proceedings consistent with this opinion.

REVERSED, SENTENCE VACATED, AND REMANDED.