# IN THE COURT OF APPEALS OF IOWA

No. 14-0654
Filed December 10, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH ALLEN ERLINGER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady (guilty plea) and Mitchell E. Turner (sentencing), Judges.

A defendant appeals his prison sentence, alleging the sentencing court relied on unproven offenses. **JUDGMENT AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Nicholas L. Scott, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**TABOR, J.**

At his sentencing hearing, Joseph Erlinger admitted he had a "bad night" on November 2, 2013. That night, he and his wife drove from their home in Illinois to a concert in Iowa. He drank heavily and then strangled his wife until she lost consciousness at a Cedar Rapids tavern. When a police officer arrived at the tavern to investigate the domestic violence, Erlinger assaulted and threatened to kill the officer. At his plea hearing, Erlinger said he did not remember much from that night due to his intoxication, but had no reason to question the minutes of evidence.

His conduct that night prompted the State to file a five-count trial information, alleging: (1) domestic abuse assault causing bodily injury (strangulation), a class "D" felony, in violation of Iowa Code section 708.2A(5) (2013); (2) first-degree harassment, an aggravated misdemeanor, in violation of sections 708.7(1) and 708.7(2); (3) assault on a peace officer, a serious misdemeanor, in violation of sections 708.1 and 708.3A(4); (4) interference with official acts, in violation of section 719.1(1); and (5) public intoxication, in violation of section 123.46. He entered a plea of guilty to the first three counts and the State dismissed the fourth and fifth count.

At the sentencing hearing on March 28, 2014, Erlinger requested a suspended sentence, while the State advocated for concurrent prison terms. The district court sentenced him to concurrent prison sentences, not to exceed five years. Erlinger now appeals, alleging the sentencing court considered unproven and unprosecuted offenses.

We review the sentencing proceeding for correction of errors at law. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). We will not upset a sentence on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the procedure, such as the district court's consideration of impermissible factors. *Id.* We do not assume a judge relied on an impermissible factor without clear evidence in the record to the contrary. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

In giving its otherwise well thought-out and thorough reasoning for the sentence imposed, the district court told Erlinger: "I don't doubt your earnestness when you tell me that you're trying to better yourself, but I've read through the Presentence Investigation. . . . You have a history of domestic battery charges. That suggests you haven't gotten it to this point." Later in the sentencing proceedings, the district court said "the reasons for my sentence are the facts and circumstances as set out in the Presentence Investigation."

Erlinger seizes on the district court's reference to his "history of domestic battery charges." The presentence investigation (PSI) report showed Erlinger had one previous domestic battery conviction in Illinois, as well as two other charges of domestic battery in Illinois that had been dismissed. Erlinger contends the court improperly considered his unproven offenses along with his prior conviction. The State argues the district court's plural reference "may well have been to the previous domestic battery conviction from Illinois and the current conviction."

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725 (citing *State v. Black*, 324 N.W.2d 313, 315-16 (Iowa 1982)). If the court considers an unproven charge, a remand is necessary for resentencing. *Id.*

We agree with Erlinger that the court's reference to "domestic battery charges" is problematic and strongly suggests the court considered not just his prior conviction, but the instances where he was charged but not convicted. *See State v. Barker*, 476 N.W.2d 624, 627 (Iowa Ct. App. 1991) ("The court may not consider those crimes for which the defendant has been charged but was not convicted."). The court's supposition from those charges that the defendant had not "gotten it to this point" tends to rule out the State's interpretation that the court was lumping the prior Illinois conviction together with current Iowa offense.

The court's consideration of the unproven offenses tainted the sentencing proceedings. *State v. Carrillo*, 597 N.W.2d 497, 501 (Iowa 1999) (noting appellant courts may not speculate about the weight a sentencing court assigned to an improper consideration"). Accordingly, we must vacate the sentence and remand for resentencing.

Erlinger raises an additional concern about court costs, alleging he was assessed court costs associated with all five counts in the trial information, rather than the three counts for which he was convicted. The State agrees Erlinger cannot be assessed court costs on the charges dismissed as part of the plea

agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) ("[O]nly such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan."); *see also* Iowa Code §§ 815.13, 910.2. In the order following resentencing, the court should make clear Erlinger is only responsible for court costs associated with the charges for which he was convicted.

**JUDGMENT AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**