# IN THE COURT OF APPEALS OF IOWA

No. 18-1344
Filed December 18, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROY DEAN DEWITT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Roy DeWitt appeals his sentence following a guilty plea to eight counts of invasion of privacy. **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Davenport city employee Roy DeWitt secretly recorded people using a restroom at work. He was charged with and pled guilty to eight counts of invasion of privacy, an aggravated misdemeanor. *See* Iowa Code § 709.21(1) (2017). DeWitt waived his right to an in-court plea colloquy and a reported hearing. The district court accepted DeWitt's plea "subject to confirmation of the plea agreement at the time of sentencing." The plea agreement stated in part:

> This is an open plea. The State may make any recommendation at the time of sentencing.
> However, if the defendant accepts the plea agreement by 8/31/18, the State agrees not to file additional charges for all videos discovered on the recording device and on the defendant's phone. In addition, if the defendant accepts the plea agreement by the deadline, the State will also agree to cap any recommendation of incarceration to 6 years, if incarceration is recommended.
> . . . .
> **Concurrence of the Court to this Agreement is/is not**[1] **a condition to the acceptance of the plea.**

DeWitt accepted the plea by the deadline. At sentencing, the district court declined to limit incarceration to six years, as indicated in the plea agreement. The court sentenced DeWitt to prison terms not exceeding two years on each count and required the sentences to be served consecutively. The court denied DeWitt's motion to reconsider.[2]

On appeal, DeWitt argues (1) the prosecutor breached the plea agreement, the plea agreement was conditioned on the court's concurrence, and he was not given an opportunity to withdraw his plea as required by rule, rendering the

---

[1] The sentence is in bold and the words "is not" are scribbled out by hand on the plea agreement.
[2] The motion was filed on the same date and at the same time as DeWitt's notice of appeal.

sentence "procedurally defective"; (2) his plea attorney was ineffective in failing to object to the prosecutor's breach of the plea agreement; and (3) the district court abused its discretion in "employ[ing] an impermissible factor in the decision to run all sentences consecutively." We find the first issue dispositive, specifically, DeWitt's challenge based on the nature of the plea agreement.

Under Iowa Rule of Criminal Procedure 2.10, "a plea may or may not be conditioned on the district court's concurrence." *State v. Schultz*, No. 18-0818, 2019 WL 156657, at *1 (Iowa Ct. App. Jan. 9, 2019). The rule states:

> If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon, if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

Iowa R. Crim. 2.10(2). Further:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

Iowa R. Crim. 2.10(3). The rule also states:

> If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. 2.10(4).

"[T]he requirements of subsection (4) are meant to apply only when the plea agreement has been conditioned on the court's concurrence in the agreement between the parties." *State v. Pryor*, No. 16-1982, 2017 WL 2684361, at *2 (Iowa Ct. App. June 21, 2017); *accord State v. Weaver*, No. 05-0764, 2006 WL 3018498, at *3 (Iowa Ct. App. Oct. 25, 2006); *see also Schultz*, No. 18-0818, 2019 WL 156657, at *2 ("The provisions give a court three options when the plea is conditioned on the court's concurrence: (1) the court may accept the agreement and 'inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement' or a more favorable disposition; (2) the court may reject the plea agreement and 'afford the defendant the opportunity to then withdraw his or her plea'; or (3) the court 'may defer its decision as to acceptance or rejection until receipt of a presentence report.'" (quoting *State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981)).

DeWitt asserts his plea was conditioned on the district court's concurrence, triggering the obligations set forth above. Accordingly, in his view, the court's rejection of "the disposition provided in the plea agreement required the [court] to address [him] to inquire as to how he wished to proceed."

The plea agreement was not a model of clarity. *See State v. Keller*, No. 17-1854, 2018 WL 6120047, at *1-2 (Iowa Ct. App. Nov. 21, 2018) (noting State's concession to treat the agreement as binding on the court where written plea included that provision but court and prosecutor relied on "open plea" language at hearing). On the one hand, the agreement referred to an "open plea" and couched the six-year prison term as a "recommendation," terms suggesting the plea was not conditioned on the district court's concurrence. *See State v. Thompson*, 856

N.W.2d 915, 922 (Iowa 2014) (noting "the plea agreement was that the State would recommend a certain sentence"). On the other hand, the plea contained bolded language explicitly conditioning the agreement on the court's concurrence. *Cf id.* ("Nowhere in the plea agreement did it state the agreement required the district court's concurrence."). In light of that language and the affirmative step DeWitt and the State took to strike the "is not" conditioned language, we conclude the plea agreement was conditioned on the court's concurrence.

The district court did not concur. The court categorically rejected the plea agreement:

> COURT: . . . I note that the plea agreement says that they agree to cap any recommendation of incarceration to six years. I don't think that binds me to six years.
> PROSECUTOR: (Shakes head from side to side.)
> COURT: I am going to run eight sentences consecutive because we have eight victims who deserve some type of closure to this case.

Because the court rejected the plea agreement, DeWitt was entitled to withdraw his plea. *See State v. Malone*, 511 N.W.2d 423, 425 (Iowa Ct. App. 1993) ("We determine the district court abused its discretion in not allowing the defendant to withdraw her guilty plea after the sentencing judge refused to accept the plea agreement. The defendant's reliance on the plea agreement was to her detriment when she received a sentence of incarceration instead of probation."); *see also State v. Barker,* 476 N.W.2d 624, 629 (Iowa 1991) (holding the defendant "should be allowed to withdraw his guilty plea" where the sentencing court failed to follow "the previous court's adherence to the plea agreement" and where prosecutor withdrew from the plea agreement without providing notice). We vacate DeWitt's sentence and remand for further proceedings consistent with the opinion. *See*

*Barker*, 476 N.W.2d at 629; *see also State v. Macke*, 933 N.W.2d 226, 237 (Iowa 2019). In light of our disposition, we find it unnecessary to address the remaining issues.

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**