# IN THE COURT OF APPEALS OF IOWA

No. 21-1134
Filed February 16, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN EDWARD HOFFMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi

Ackley, Judge.

        John Hoffman appeals the sentences imposed after his guilty plea.

**SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.**

        Christopher C. Fry and Alyssa M. Carlson of O'Connor & Thomas, P.C.,

Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

On the evening of November 9, 2019, John Hoffman was intoxicated and driving on the wrong side of Highway 52 in Dubuque County when his vehicle struck an oncoming vehicle driven by Hannah Ruggeberg. Hannah and her unborn son were killed in the accident. Consequently, the State charged Hoffman with: Count I, homicide by vehicle, in violation of Iowa Code section 707.6A (2019); Count II, nonconsensual termination of a human pregnancy, in violation of Iowa Code section 707.8(2); and Count III, serious injury by vehicle, in violation of Iowa Code section 707.6A(4). Hoffman entered a guilty plea to all three counts pursuant to Iowa Rule of Criminal Procedure 2.10, conditioning his plea on the court accepting his plea bargain such that the sentences of incarceration for each of the three counts would run concurrently to each other. The district court instead sentenced Hoffman to three consecutive terms of incarceration. Hoffman appeals, arguing that this matter should be remanded so that his rule 2.10 plea may be properly considered by the district court. We agree.

On May 20, 2021, Hoffman signed a written guilty plea to all three counts of the State's trial information. Hoffman's plea is clear and consistent throughout, indicating that it was conditioned on the court's acceptance of the plea bargain. At paragraph 8 of his written plea, Hoffman checked a box and initialed next to the statement, "This guilty plea is entered pursuant to Iowa Rule of Criminal Procedure 2.10 based upon an agreement with the State's attorney regarding the charges against me and/or my sentence. I understand the agreement is binding on the Court unless the Court specifically tells me otherwise." Paragraph 9 of Hoffman's written plea states,

> In exchange for my guilty plea, the State will recommend a sentence of no more than 25 years on Count I, a sentence of no more than 10 years on Count II, and a sentence of no more than 5 years on Count III. All sentences will run concurrent with each other.

At Paragraph 10 of the written plea, Hoffman checked a box and initialed, "I understand that this is a Rule 2.10 plea agreement, which means that if the Court does not accept the plea agreement, I may withdraw my plea of Guilty." Paragraph 29 of the written guilty plea states, "My entry of this guilty plea IS contingent upon the Court accepting the plea bargain." This language is also initialed by Hoffman. The plea was accepted by the court, and a sentencing hearing was set.

On July 19, 2021, the district court held the scheduled sentencing hearing. At hearing, consistent with the plea agreement, the State's attorney recommended that Hoffman's sentences of incarceration for all three counts be run concurrently with one another. Hoffman's attorney then asked the court "to follow the agreement of the parties" and to "sentence him to up to 25 years, up to ten years and up to five years on the three counts, but have the sentences run concurrent."

At the conclusion of the hearing, the court instead sentenced Hoffman to up to twenty-five years on Count I, ten years on Count II, and five years on Count III. But it further ordered that the three terms of incarceration run consecutive to each other for a total of forty years. In its order of judgment and sentence, the court stated the reasons for the sentences were that the "sentence is most likely to protect society and rehabilitate the defendant based upon the nature of the offense, defendant's prior record, and the recommendation of the parties and for the reasons stated in the PSI, if any." The court gave no reference to the fact that

Hoffman's guilty plea was conditioned on the court's agreement to be bound by the plea agreement in either the sentencing hearing or its sentencing order. The court did not inform Hoffman that it refused to be bound by the plea agreement and it did not afford him an opportunity to withdraw his guilty plea.

On appeal, Hoffman argues that the district court abused its discretion in imposing consecutive sentences. Hoffman asserts that the district court erred by declining to sentence him according to the terms of the plea agreement and by failing to allow him an opportunity to withdraw his guilty plea on the basis that the court did not agree to follow the agreement. Hoffman further asserts that the court failed to weigh all pertinent matters prior to sentencing him.

While the State concedes that the district court failed to comply with rule 2.10, the State argues that the court lacks authority to decide the rule 2.10 issue due to the 2019 amendments to chapter 814, which restrict direct appeals of convictions following a guilty plea absent a showing of "good cause." *See* Iowa Code § 814.6(1)(a)(3). The State further argues that Hoffman did not preserve error on this issue as he sat mute at the sentencing hearing and did not challenge the court relative to its lack of adherence to the plea agreement. Last, the State argues that the district court did not abuse its discretion in weighing the pertinent factors at sentencing.

Hoffman asserts that he does not challenge the convictions for the offenses to which he pleaded guilty. Rather, he asserts that his challenge is to the sentences imposed by the court, which he further claims is illegal due to the court's lack of adherence to Iowa Rule of Criminal Procedure 2.10. Though Hoffman also

asserts the court failed to weigh all pertinent matters prior to sentencing him, we find his argument relative to rule 2.10 to be dispositive.

Our review of a sentence imposed in a criminal case is for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse a sentence unless there is "an abuse of discretion or some defect in the sentencing procedure." *Id.*

Generally, a defendant who pleads guilty must move in arrest of judgment to preserve error for our review. *See* Iowa R. Crim. P. 2.24(3)(a). But "[t]he rule has no applicability to a situation, as in this case, where the defendant does not know the deficiency in the plea proceeding until after sentencing." *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014).

We agree that the error alleged by Hoffman herein is not a challenge to his guilty plea but rather a sentencing error. The Iowa Supreme Court has previously held, "sentencing error arises after the court has accepted the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Further, the Iowa Supreme Court held that good cause to appeal a sentence existed when a defendant challenges "a nonmandatory sentence that was outside the range agreed to by the parties in the plea agreement." *Id.* In this case, Hoffman's plea had been accepted by the court two months prior to his sentencing. Further, Hoffman did not know the court would fail to adhere to rule 2.10 until after he was sentenced, and Hoffman was clearly sentenced to nonmandatory consecutive sentences outside the range of the plea agreement.

Iowa Rule of Criminal Procedure 2.10 states:

> If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon, if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

Iowa R. Crim. P. 2.1(2). Further:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

Iowa R. Crim. P 2.10(3). The rule also states:

> If at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. P. 2.10(4). "[T]he requirements of subsection (4) are meant to apply only when the plea agreement has been conditioned on the court's concurrence in the agreement between the parties." *State v. Weaver*, No. 05-0764, 2006 WL 3018498, at *3 (Iowa Ct. App. Oct. 25, 2006).

In this case, Hoffman's guilty plea was quite clearly conditioned on the district court's concurrence. This fact was referenced multiple times consistently throughout his written guilty plea, thus triggering the obligations set forth in rule 2.10(4). Because the court rejected Hoffman's plea agreement, Hoffman is entitled to withdraw his guilty plea. *See State v. Malone*, 511 N.W.2d 423, 425

(Iowa Ct. App. 1993) ("We determine the district court abused its discretion in not allowing the defendant to withdraw her guilty plea after the sentencing judge refused to accept the plea agreement. The defendant's reliance on the plea agreement was to her detriment when she received a sentence of incarceration instead of probation."); *see also State v. Barker*, 476 N.W.2d 624, 629 (Iowa 1991) (holding the defendant "should be allowed to withdraw his guilty plea" where the sentencing court failed to follow "the previous court's adherence to the plea agreement" and where the prosecutor withdrew from the plea agreement without providing notice).

We vacate Hoffman's sentences and remand for further proceedings, before a different judge, consistent with this opinion. *See Barker*, 476 N.W.2d at 629. In light of our disposition, we find it unnecessary to address the remaining issues herein.

**SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.**