UNITED STATES of America,
Plaintiff-Appellee,

v.

Denise DONAHEY,
Defendant-Appellant.

No. 75–2376.

United States Court of Appeals,
Fifth Circuit.

April 5, 1976.

Rehearing Denied May 3, 1976.

Arthur B. Stark, Miami, Fla., for defendant-appellant.

Robert W. Rust, U.S. Atty., Donald L. Ferguson, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and MARKEY *, Chief Judge.

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

**PER CURIAM:**

Defendant Denise Donahey appeals from her conviction on Count 1 of the indictment which charged her with violation of 21 U.S.C. § 952(a). We affirm.

### Issues

Defendant asserts that the District Court erred when in (1) failed to require specific performance of a Plea Bargaining Agreement, (2) failed to grant defendant equitable immunity for her Grand Jury testimony, (3) failed to dismiss the indictment because of a denial of fair and impartial consideration before the Grand Jury and (4) misstated the law in its answer to a post-instruction inquiry.

### (1) Plea Bargaining Agreement

Donahey was apprehended and found in possession of cocaine. Soon after her arrest the Government entered a Plea Bargaining Agreement with her, signed by the Assistant U. S. Attorney, whereby in exchange for testimony before the Federal Grand Jury and for full cooperation in the prosecution of one Vincent Marotta, the Government would permit Donahey to plead guilty to a misdemeanor and would recommend a sentence of one year probation. Before the trial, the Government indicated that it would prosecute her on all counts of the indictment. At a pre-trial hearing the Government produced several witnesses who testified that Donahey had given evasive and misleading answers, had given answers which could not be verified, and, on numerous occasions, had refused to answer questions at all.

■ The District Court had ample basis, therefore, for concluding that Donahey had failed to live up to her part of the Plea Bargaining Agreement, thus freeing the Government from its pledge. We find no error in the District Court's refusal to require specific performance by the Government of the Plea Bargaining Agreement.

### (2) Equitable Immunity

Donahey testified freely before a Grand Jury on matters which were self-incriminatory. She was not given any cautionary warnings.

In returning the indictment against Donahey, however, the Grand Jury was instructed not to consider her testimony and at trial none of her Grand Jury testimony was used against her. She was in no way prejudiced, therefore, by her testimony or by the lack of cautionary warnings.

■ Immunity in exchange for testimony is obtainable *only* by way of a grant from the District Court, 18 U.S.C. § 6003. Donahey knew, as evidenced by the Plea Bargaining Agreement, that she was subject to prosecution on the matters to which she was testifying before the Grand Jury. She appeared and answered questions voluntarily. Donahey says she did so in reliance on the Plea Bargaining Agreement, yet it was she, not the Government, who by her own actions violated the Plea Bargaining Agreement. That fact and the non-use of her Grand Jury testimony against her cause us to agree with the District Court that Donahey was not entitled to equitable immunity.

### (3) Indictment

■ In requesting an indictment against Donahey, the Assistant United States Attorney, realizing that she had not been informed of her right to remain silent, told the Grand Jury to disregard Donahey's testimony. Although failing to inform the defendant of her rights was an error, it was a harmless error, because (1) she was well aware that she was the subject of a criminal investigation and prosecution, and voluntarily testified; (2) an accused has no right to appear before the Grand Jury to state her case; (3) there was sufficient evidence from the testimony of other witnesses from which the Grand Jury could deduce probable cause; and (4) her testimony was not used against her at the subsequent trial. Because her indict-

ment was drawn, and subsequent prosecution proceeded, without reliance on or reference to her Grand Jury testimony, she was not prejudiced and the District Court did not err in failing to dismiss the indictment.

(4) *Post-Instruction Inquiry*

The District Court's response to the jury's post-instruction inquiry was that the *mens rea* requirements of 21 U.S.C. § 952(a) are (1) that the importation be knowingly and intentionally made and (2) that she knew the imported substance, stipulated to be cocaine, was a controlled substance. That response was an accurate statement of the applicable law and was consistent with the jury instructions.

Accordingly, the judgment below is *affirmed* in all respects.