UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Raymond LeCOMPTE and Kathy Hatmaker, Defendants-Appellants.

No. 78–5780.

United States Court of Appeals, Fifth Circuit.

July 18, 1979.

---

A. Cecil Palmour, Summerville, Ga., for LeCompte.

Robert W. Ritchie, Joseph M. Tipton, Knoxville, Tenn., for Hatmaker.

James E. Baker, Julie Carnes, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before TUTTLE, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The present appellants, LeCompte and Hatmaker, and several co-defendants were charged with violating several statutes in the operation of a large, multi-state prostitution ring. The motions of these appellants for judgment of acquittal were granted at trial on all counts except Count One, charging a RICO conspiracy under 18 U.S.C. § 1962(c). The jury found appellants and the co-defendants guilty on this count, and the court granted appellants' motions for judgment of acquittal notwithstanding the verdict. On appeal by all defendants and cross-appeal by the government, we reversed as to LeCompte and Hatmaker and reinstated the jury's verdict finding them guilty under Count One. *U. S. v. Clemones,* 577 F.2d 1247 (CA5), *modified,* 582 F.2d 1373 (CA5, 1978). They now appeal from the judgments of conviction entered on remand.

Both appellants contend that the court reversibly erred in refusing to instruct on the difference between single and multiple conspiracies. In our earlier decision we described the conspiracy in detail and held that it was "a single-purpose and continuously ongoing undertaking to operate a multi-state prostitution enterprise," 577 F.2d at 1253. The multiple-single point was there raised in terms of variance. It is raised here in terms of failure to instruct. But the facts that compelled our previous conclusion that this was a single conspiracy require us to conclude now that no instruction was required. Nothing is presented to us that makes a different decision appropriate in this appeal. The trial court did not err to the prejudice of these two defendants by refusing to instruct the jury on the difference between single and multiple conspiracies.

Both appellants assert that they were the victims of devastating spillover from testimony describing acts of co-defendants, especially the prostitution ringleader Billy Johnson, including beatings, pistol whippings, threats of killing, and other unsavory activities in which appellants were not involved. The evidence against appellants is not as strong as that against other defendants and they were not shown to be involved in the foregoing violent acts. But the Constitution does not require that in a charge of group crime a trial be free of any prejudice but only that the potential for transferability of guilt be minimized to the extent possible. *U. S. v. Elliott,* 571 F.2d 880 (CA5, 1978). This standard was met here. The court properly refused a requested charge that the acts of Billy Johnson could not be "chargeable or imputed" to the other defendants. If the acts were done in furtherance of the conspiracy and appellants were members of the conspiracy, the law makes appellants responsi-

ble for the acts however repugnant. The court adequately protected appellants' rights by instructing the jury that it should consider the evidence separately as to each defendant and each count.

 Hatmaker makes an individual contention that the indictment should have been dismissed as to her because she was entitled to equitable immunity arising from events that occurred in the Southern District of Indiana. She gave an incriminating statement in the Southern District of Indiana against a person named Feinstein, not a defendant in this case and charged there with prostitution activities. She did so induced by representations given by a U. S. Attorney in the Southern District of Indiana. According to the U. S. Attorney, Hatmaker was only told that she would not be indicted in the Southern District of Indiana. Later she was indicted in the Northern District of Georgia in the present case, and she insists that the government breached its agreement with her by "using" her Indiana statement in this case. Hatmaker does not quite say that she was promised that she would not be indicted anywhere on prostitution-related activities; she seems to say that the exact scope of the promise was unclear and that in such situations the government may not use against her in any way the statement she gave and that the statement revealed names of persons who were witnesses in the Georgia case. No plea bargain is involved. Hatmaker was simply a witness in Indiana. Pretermitting whether immunity based upon giving testimony can ever be conferred by any agency other than the court,[1] Hatmaker has not proved that the U. S. Attorney in Indiana promised her immunity from anything beyond being indicted in the case there. Nor does it appear that the statement she gave in Indiana was "used" in this case. It came into possession of an FBI agent who had investigated the Georgia case, but after he had learned the names of witnesses, had interviewed them, and they had testified before the grand jury. It came into possession of the prosecuting attorney shortly before the grand jury returned the indictment. Nothing indicates that the statement was used by the grand jury, and it was not used at trial. Assuming the government was required to prove that the Georgia indictment was based upon information independent of the Indiana statement, we think it did so.

The convictions are AFFIRMED.

---

1. *See U. S. v. Donahey,* 529 F.2d 831, 832 (CA5, 1976).