**STATE of Iowa, Appellee,**

v.

**Mark Anthony HOVIND, Appellant.**

**No. 87–644.**

Supreme Court of Iowa.

Nov. 23, 1988.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Pamela Greenman Dahl and Christie Scase, Asst. Attys. Gen., Fred H. McCaw, Dubuque County Atty., and Timothy J. Gallagher and Christine O. Corken, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.

McGIVERIN, Chief Justice.

Defendant Mark A. Hovind appeals from his convictions of burglary in the first degree in violation of Iowa Code sections 713.1, 713.3 (1985), and arson in the second degree in violation of Iowa Code sections 712.1, 712.3 (1985). He contends the trial court erred 1) by denying his motion to dismiss based on enforcement of a plea bargain agreement, and 2) by allowing into evidence his inculpatory statements over his motion to suppress. We transferred the case to the court of appeals which affirmed by operation of law. We granted defendant's application for further review and now vacate the court of appeals decision and reverse and remand for a new trial.

I. *Background facts and proceedings.* On May 10, 1985, fire destroyed the home of Judge Thomas Nelson in Dubuque. Arson was suspected, and suspicion focused on a man named Robert Frank. Frank was reputedly upset with Judge Nelson following the property award the judge entered in Frank's dissolution of marriage case. Defendant was later charged in an unrelated arson. Hovind, through counsel, initiated plea negotiations with the Dubuque County Attorney in which he offered to convey to law enforcement authorities information concerning Robert Frank and the Nelson arson in return for concessions in the unrelated arson case against Hovind. A plea bargain agreement was reached by which defendant agreed to provide a full and truthful account of his knowledge concerning the Nelson arson. In return the State would make concessions on the unrelated arson charge and forego any prosecution against defendant based on information he provided about the Nelson fire.

The State claims the agreement was contingent upon the premise that defendant was not directly involved in the commission of the Nelson arson. At all times, defendant denied that he was directly involved in the Nelson arson.

Starting on September 10, 1986, defendant related his knowledge of the Nelson arson over a number of interviews with law enforcement officers and gave a deposition in the State's case against Robert Frank. In the investigation that followed, the authorities acquired additional information, some by investigating defendant's statements, that led them to believe defendant was directly involved in the Nelson arson.

On November 6, 1986, investigators sought to confront defendant with certain inculpatory information. Before meeting with the defendant, investigators contacted defendant's counsel and stated that they believed Hovind had lied in his earlier statements, that he may have been involved in the Nelson arson, and that the plea agreement was in jeopardy. Counsel communicated this information to defendant. Later, with the permission of defendant's counsel, two investigators drove from Dubuque to Clinton, Iowa, where they met with defendant in a parking lot outside defendant's place of employment. Although they had not given a *Miranda*[1] warning in any of their prior discussions with defendant, the investigators began the November 6 interview by informing defendant of his *Miranda* rights. Defendant also waived these rights in writing. Defendant was then confronted by the officers with the inculpatory information and told his plea bargain may be in jeopardy. In response, defendant made statements that corroborated some of this information.

The State then filed the criminal charges against Hovind of which he was later convicted.

Defendant filed pretrial motions to dismiss, based on the plea agreement, and to suppress all statements made to police officers in interviews and in plea negotiations. The trial court denied defendant's motion to dismiss but granted the motion to suppress. Upon the State's motion to enlarge the suppression order, the court ruled defendant's statements of November 6 were not privileged. Thus, those statements were admitted into evidence at trial.

After a change of venue from Dubuque County to Black Hawk County, defendant was found guilty by a jury of all charges. Following his convictions, defendant appealed, claiming the trial court erred in denying his pretrial motions. We transferred the case to the court of appeals which in an equally divided vote affirmed by operation of law. *See* Iowa Code 602.4107 (1987). We granted further review.

II. *Defendant's motion to dismiss.* Defendant contends his pretrial motion to dismiss the charges should have been sustained because the State violated the plea agreement in filing the Nelson arson charges against him.

■ In ruling on a motion to dismiss as a remedy for the State's alleged repudiation of a plea agreement, the trial court possesses the same limited discretion it exercises when ruling on a motion to dismiss for failure to provide a speedy trial under Iowa Rule of Criminal Procedure 27. *State v. Edwards*, 279 N.W.2d 9, 10 (Iowa 1979). Review of the trial court's ruling is not de novo. *Id.* The trial court's decision upon conflicting evidence is controlling. *State v. LaPlant*, 244 N.W.2d 240, 242 (Iowa 1976). We reverse only upon a showing that the trial court abused its limited discretion. *Id.*

■ The performance of a plea bargain agreement must be mutual. *State v. Aschan*, 366 N.W.2d 912, 917 (Iowa 1985). When a defendant fails to uphold his end of a plea bargain, the State has no obligation to provide defendant the anticipated benefits of that bargain. *Id.* This rule was illustrated in *United States v. Donahey*, 529 F.2d 831 (5th Cir.1976). In *Donahey*, an agreement was struck between the government and defendant which obligated the prosecution to reduce the charges and recommend the minimum sentence in return for information and cooperation in the

1. *See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966).

prosecution of another individual. *Id.* at 832. After the government unilaterally terminated the agreement, the defendant sought to enforce the plea bargain by motion for specific performance. Upon hearing, the United States Attorney produced testimony that in response to questions from investigators the defendant gave evasive and misleading answers and on occasion refused to cooperate. Based on this evidence, the district court denied defendant's motion. On appeal, the court held that the "District Court had ample basis, therefore, for concluding that [the defendant] had failed to live up to her part of the Plea Bargain Agreement, thus freeing the government from its pledge." *Id.* at 832.

■ In the present action, defendant entered into a plea bargain agreement that obligated him to truthfully relate everything he knew about the Nelson arson. The agreement also was contingent upon his having no direct involvement in the offense. Defendant conceded that he was obligated to be complete and truthful in relating these events. The State's investigation determined that defendant had breached the agreement by not being truthful with the State and in his actually setting the Nelson fire. Thus, the State unilaterally rescinded the agreement and filed an information charging defendant with the offense. At the hearing upon defendant's motion to dismiss, the State offered evidence that defendant was not entirely forthright in his answers to the questions from investigators, and that, contrary to his earlier statements, he was directly involved in setting the fire.

It is evident from a review of the record that the trial court had ample basis and evidence to conclude defendant did not honor his obligations under the plea bargain agreement and that the State was free to pursue a full prosecution against defendant for the Nelson offense. Trial court correctly overruled defendant's motion to dismiss the information.

III. *Defendant's motion to suppress.* Defendant's second contention is that the trial court erred in denying his motion to suppress the statements he made to the police on November 6, 1986. Defendant contends the statements were privileged as plea bargain negotiations and were otherwise admitted in violation of his constitutional rights.

Defendant claims the benefit of the privilege created in Iowa Rule of Criminal Procedure 9(5). That rule provides:

> If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion or any other resulting agreement, plea or judgment shall be admissible in any criminal or civil action or administrative proceeding.

Rule 9(5) is based on Rule 11(e)(6) of the Federal Rules of Criminal Procedure and is designed to encourage plea discussions involving the defendant without concern about the peril of subsequently using these discussions against the defendant. 4 J. Yeager & R. Carlson, *Iowa Practice Criminal Law and Procedure*, § 1041, at 228, 233 (1979). Thus, a plea discussion that does not result in a plea of guilty is inadmissible. *State v. Epps*, 316 N.W.2d 691, 693 (Iowa 1982). Here, the State does not dispute that a plea discussion took place or that a plea of guilty did not result. The dispute lies in determining when the plea discussion ended and an adversarial interrogation began.

In *State v. Taylor*, 336 N.W.2d 721, 726 (Iowa 1983), we adopted the following two part test to determine whether a discussion can properly be characterized as a privileged plea negotiation:

> First whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion, and, second, whether the accused's expectation was reasonable given the totality of the objective circumstances.

(quoting *United States v. Robertson*, 582 F.2d 1356, 1366 (5th Cir.1978)).

The State relies heavily upon the fact that preceding the November 6 interview with defendant in Clinton, peace officers advised defendant of his *Miranda* rights. Because this warning was never before

given to defendant by the peace officers preceding any of the prior discussions concerning the Nelson arson, the State contends it was unreasonable for defendant to believe that the discussion following a *Miranda* warning would be privileged.

A *Miranda* warning alone, however, does not erode the privilege. We must look to the totality of the objective circumstances. *Taylor*, 336 N.W.2d at 726. In *United States v. Boltz*, 663 F.Supp. 956, 960–61 (D.Alaska 1987), the district court granted the defendant's motion to suppress statements made to investigators in a meeting that was prefaced by the defendant being informed of his *Miranda* rights. The court examined the totality of the circumstances including the government's threat of prosecution and contemporaneous offer of immunity and leniency. In granting the defendant's motion to suppress, the court concluded that "the process [the defendant] was in looked as much like negotiations as any process could." *Id.* at 961.

The discussion between the officers and defendant on November 6 was conducted following the formation of a plea agreement and in the spirit of defendant's continuing obligation to provide information concerning the Nelson arson. Despite the fact that the November 6 discussion was prefaced with the officers informing defendant of his *Miranda* rights, the officers never clearly conveyed to defendant that their plea agreement was rescinded. Rather, the officers informed defendant that the plea bargain was *in jeopardy,* that they no longer believed he was telling them the truth, and that they believed he may have been directly involved in the Nelson arson. By informing defendant only that his agreement may be in jeopardy, the officers fostered defendant's subjective expectation that either the prior agreement may be salvaged or a new plea bargain might be struck by further cooperation in the investigation.

We conclude that when responding to the officer's questions and providing further information concerning the Nelson arson, defendant exhibited an actual subjective expectation to honor his continuing obligation under the prior plea agreement or form a new one during the November 6 interview. Furthermore, because the officers failed to inform defendant that the plea agreement was rescinded and instead only informed him that the agreement was "in jeopardy," we conclude defendant's expectation that he was speaking to the officers under a plea bargain was reasonable given the totality of the objective circumstances. The district court erred by denying defendant's motion to suppress these statements and later admitting them into evidence at trial.

Because we reverse the trial court on the basis of the privilege afforded defendant's statements of November 6 under rule 9(5), we need not reach defendant's asserted error based on constitutional grounds.

IV. *Disposition.* We conclude the trial court correctly overruled defendant's motion to dismiss the information. Because we conclude the trial court erred in overruling defendant's motion to suppress defendant's November 6, 1986, statements and allowing those statements in evidence at trial, we vacate the court of appeals decision. The trial court judgment is reversed and the case is remanded for a new trial.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.