STATE of Iowa, Appellee,

v.

Anthony FOY, Appellant.

No. 96–1757.

Supreme Court of Iowa.

Feb. 18, 1998.

Rehearing Denied March 9, 1998.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defendant, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Anthony Foy appeals from the judgment and sentences entered following his guilty plea to four drug-related offenses. Foy claims he should have been afforded an opportunity to withdraw his plea of guilty when the State decided it was not bound by the plea agreement. Because we find that Foy violated the terms of the agreement, we reject his argument and affirm.

I. *Background Facts and Proceedings.*

On October 16, 1995, the State charged Foy by trial information with four criminal counts: possession of a controlled substance, to-wit: more than fifty grams of cocaine base with intent to deliver, in violation of Iowa Code section 124.401(1)(a) (1995) (count I); failure to affix drug tax stamp, to-wit: cocaine base in violation of Iowa Code section 453B.12 (count II); possession of a controlled substance, to-wit: marijuana in violation of Iowa Code section 124.401(3) (count III); delivery of a controlled substance, to-wit: cocaine base in violation of Iowa Code section 124.401(1)(c) (count IV). An amended trial information was subsequently filed which amended counts I and IV to reflect that Foy was a second offender, thus triggering the enhanced penalty provisions of Iowa Code section 124.411. Foy pled not guilty to the charges.

At a bond reduction hearing on November 3, the court was advised an agreement between Foy and the county attorney had been reached for his release on a reduced bond in return for his cooperation with authorities. The agreement set Foy's bond at $10,000 and placed him under the supervision of pretrial services. The agreement also called for his cooperation with the Tri–County Drug Task Force and investigator Rich Knief.

After his release Foy cooperated with law enforcement officials. As of February 22, 1996, Foy had provided information sufficient to arrest eight to ten individuals on drug-related offenses. Based on his cooperation the State was willing to enter a plea agree-ment with him. An agreement was reached on April 26. The agreement called for Foy to plead guilty to the four charges pending against him. The State agreed to reduce count I from a Class "B" felony to a Class "C" felony by deleting the allegation of possession of more than fifty grams of cocaine base. As part of the agreement, Foy agreed to "fully and completely cooperate with the Tri–County Drug Task Force and its representatives in the Black Hawk County Attorney's office." Foy further agreed that if he "violates the law, violates terms of release, or fails to abide by this agreement, the State will recommend incarceration at the time of sentencing." Finally, the agreement delayed Foy's sentencing for six months so Foy could fulfill the agreement. In exchange for Foy's cooperation the State agreed to recommend a sentence of thirty years and a $1000 fine for count I, five years for count II, six months for count III, thirty years and a $1000 fine for count IV, that the sentences run concurrently and that Foy be given a suspended sentence and five years probation.

The day the agreement was signed Foy appeared before Judge James C. Bauch and changed his plea from not guilty to guilty. At the hearing on his guilty plea the court was diligent in advising Foy of his rights and the consequences of entering a guilty plea. The sentence that could be imposed for each count was clearly explained. The court made certain the plea was knowing, voluntary, and intelligent. The court made it equally clear that it would not be bound by the agreement if Foy did not cooperate or became embroiled in any further difficulty with authorities.

Initially, it appears Foy cooperated with drug task force representatives. He did not, however, comply with the terms of his pretrial release. On July 26, a bench warrant was issued for his arrest and he was arrested on August 5. Foy had failed to keep eleven scheduled appointments with his pretrial release supervisor. Additionally, one condition of his pretrial release required him to abstain from using any intoxicants or drugs. However, on three separate occasions during his release he tested positive for illegal drugs: twice for marijuana and once for cocaine.

Following his arrest in July, Foy again posted bond and was released from jail. On October 4, the sentencing hearing was held before Judge Thomas N. Bower. At the hearing the State, due to several alleged violations of the plea agreement by Foy, believed it was no longer bound by the plea agreement and recommended Foy be sentenced to prison. Foy, citing what he believed to be the State's failure to abide by the agreement, expressed his desire to withdraw his plea and proceed to trial. The court found that Foy had violated the terms and conditions of the agreement and that the agreement to suspend the sentences was null and void. The court sentenced Foy to the sentences and fines recommended in the plea agreement but did not suspend the serving of the sentences imposed. Foy timely appealed from the final judgments and sentences.

## II. *Scope of Review.*

 Foy attempts to place his appeal on constitutional grounds. He alleges his due process rights were violated when he was not allowed to withdraw his guilty plea. However, "only when it develops that the defendant was not fairly apprised of [the] consequences [of] his plea [can it] be challenged under the Due Process Clause." *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437, 443 (1984). Because it is clear from the record that Foy was apprised of the consequences of his plea, no issue of "fundamental fairness" arises. Accordingly, our review is for abuse of discretion. *State v. Blum,* 560 N.W.2d 7, 9 (Iowa 1997).

## III. *Discussion.*

 The question before us is whether the trial court should have allowed Foy to withdraw his guilty plea after he violated the plea agreement. As an initial matter, it is clear the court only conditionally bound itself to the plea agreement. The court must inform the defendant if it does not intend to be bound by the agreement. Iowa R.Crim. P. 9(4). At the guilty plea hearing the court told Foy it would not be bound by the agreement unless he cooperated with the State. The following portion of the transcript is illustrative.

THE COURT: And the court is willing to be bound by that plea agreement to the extent that you continue to cooperate and don't get in any further difficulty. Do you understand that?

FOY: Yes sir, your Honor.

THE COURT: And it would come back in front of me, but you have to understand the court is not bound by the agreement. If you don't cooperate and you get in further difficulty, you understand the court's not bound by it and the court can sentence you to whatever the court feels is appropriate. Do you understand that?

FOY: Yes, I do, your Honor.

. . . .

THE COURT: And Mr. Foy, you understand that you need to cooperate.

FOY: Yes, sir.

THE COURT: And not get in any further trouble.

FOY: Yes, sir.

THE COURT: All right. Because you've got a pretty good opportunity here. It would be disastrous for you to give it up.

FOY: Yes, sir.

 Where a prosecutor breaches a plea agreement, the remedy is either specific performance of the agreement or withdrawal of the guilty plea. *State v. Hinners,* 471 N.W.2d 841, 845 (Iowa 1991). Once the court has accepted a plea based on a plea agreement, the State may not unilaterally withdraw from the agreement without providing some basis for its action or affording some sort of due process. *State v. Barker,* 476 N.W.2d 624, 628 (Iowa App.1991).

 Performance of a plea agreement must be mutual. *State v. Aschan,* 366 N.W.2d 912, 917 (Iowa 1985). If a defendant fails to uphold his or her end of the agreement, the State has no obligation to provide the defendant the anticipated benefits of the bargain. *State v. Hovind,* 431 N.W.2d 366, 368 (Iowa 1988); *Aschan,* 366 N.W.2d at 917. The State has the burden to show the defendant has failed to live up to his or her end of the bargain. *Barker,* 476 N.W.2d at 628. Whether the State has carried its burden is determined by examining the record made at

the time of sentencing. *Id.* at 626; *see also Hovind,* 431 N.W.2d at 369 ("It is evident from a review of the record that the trial court had ample basis and evidence to conclude defendant did not honor his obligations under the plea bargain agreement and that the State was free to pursue a full prosecution against defendant for the ... offense.").

The State claimed Foy violated two provisions of the agreement; he did not cooperate with the police and he failed to abide by the terms of his release. At the sentencing hearing, the State offered testimony of investigator Knief. Knief testified that Foy had not cooperated. As Knief explained in his testimony "he did all those things we asked him to, but there came a point in time when we couldn't get a hold of him and couldn't get ... information from him." Knief testified that the lack of cooperation began around the beginning of September. The agreement called for Foy's continued cooperation for six months ending on October 26. Knief also testified Foy had tested positive for marijuana and cocaine and had violated the terms of his pretrial release.

Other evidence in the record consistent with Foy's violation of the agreement is contained in the presentence investigation report. Although the court gave Foy the opportunity to delay sentencing until the author of the report could be questioned under oath, Foy requested immediate sentencing.

The State carried its burden to show Foy violated the terms of the plea agreement. Since Foy violated the plea agreement, he had no right to withdraw his guilty plea. The State did not retract its agreement to proceed on the lesser charges. The court carefully satisfied the requirement that the guilty plea was made voluntarily and intelligently and had a factual basis. Iowa R.Crim. P. 8(2). The court did not abuse its discretion by refusing Foy's request to withdraw his plea.

**AFFIRMED.**