# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TORRIE BRUMFIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-190-2

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Torrie Brumfield appeals from his jury trial conviction for conspiracy to distribute and possess with the intent to distribute cocaine base, possession with the intent to distribute cocaine base, and two counts of distribution and possession with the intent to distribute cocaine base. He maintains that the district court erred in determining that he violated an earlier plea agreement and that the plea agreement should be vacated. Brumfield contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31118

Government did not establish that he did not render a substantial part of the performance required under the plea agreement and that any non-compliance substantially impaired the Government's interests. He requests that this court vacate his jury trial conviction, enforce the plea agreement, and remand the case for resentencing.

We review an alleged breach of a plea agreement de novo and accept the district court's factual findings regarding whether a breach occurred unless they are clearly erroneous. *United States v. Ballis*, 28 F.3d 1399, 1409 (5th Cir. 1994). The Government must establish by a preponderance of the evidence that Brumfield materially breached the plea agreement. *See United States v. Castaneda*, 162 F.3d 832, 837 (5th Cir. 1998). We apply general principles of contract law to analyze the plea agreement. *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

Brumfield has not shown that the district court clearly erred in finding that he breached the plea agreement. *See Ballis*, 28 F.3d at 1409. The record reflects that he violated his obligations under the plea agreement by refusing to cooperate and to be interviewed in preparation for a codefendant's trial. *See United States v. Davis*, 393 F.3d 540, 547 (5th Cir. 2004); *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976) (per curiam). Also, by evincing an intention not to cooperate and to testify truthfully before a trial jury, Brumfield anticipatorily repudiated the plea agreement. *See Hentz v. Hargett*, 71 F.3d 1169, 1174-75 (5th Cir. 1996). His refusal to cooperate and give the assistance on which the Government conditioned its adherence to the plea agreement was contrary to the Government's reasonable expectations of the plea agreement and, therefore, was a material breach. *See Davis*, 393 F.3d at 547; *Cantu*, 185 F.3d at 305. Brumfield's claim that he cured any defect in his performance by later showing a willingness to testify is not supported by the record; he instead

No. 14-31118

gave contradictory statements that were inconsistent with each other and the factual basis to which he pleaded guilty and, thus, he deprived the Government of the benefit of its bargain that he would cooperate and testify truthfully at trial. *See Davis*, 393 F.3d at 547; *Hentz*, 71 F.3d at 1175.

Because of Brumfield's material breach, the Government was excused from upholding the plea agreement. *See Ballis*, 28 F.3d at 1410; *Hentz*, 71 F.3d at 1176. Therefore, the district court did not err in vacating the plea agreement and releasing the parties from their obligations under it. *See Ballis*, 28 F.3d at 1409, 1411; *Hentz*, 71 F.3d at 1176.

AFFIRMED.