# IN THE COURT OF APPEALS OF IOWA

No. 16-1191
Filed August 16, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUSTIN EUGENE MERCHANT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon, Judge.

The defendant appeals his conviction and the resulting sentencing for delivery of a controlled substance (methamphetamine). **AFFIRMED.**

Julie R. De Vries of De Vries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Justin Merchant appeals his conviction and the resulting sentence for delivery of a controlled substance (methamphetamine), in violation of Iowa Code section 124.401(1)(c)(6) (2015). Merchant maintains the district court improperly considered a new charge when sentencing him, his right to due process was violated when a charge he was not aware of was considered, and he received ineffective assistance from his attorneys throughout the case.

**I. Background Facts and Proceedings.**

After reaching a plea agreement with the State, Merchant pled guilty to delivery of a controlled substance (methamphetamine) on February 22, 2016. Pursuant to the agreement, Merchant would be immediately released from custody under pretrial supervision until sentencing, and at sentencing the State was to "recommend [a] suspended sentence with five years' probation." Additionally, the written agreement stated, "While on supervision the defendant shall not incur any new criminal charges. In the event new charges are incurred while on supervised release, the State may withdraw its recommendation for suspended sentence and request defendant be sentenced to prison."

On April 15, Merchant's probation officer filed a "pre-trial report of violation," claiming Merchant had missed a scheduled appointment, had been arrested for disorderly conduct, and had admitted using methamphetamine. As a result of the report, the court revoked Merchant's pretrial release, and he was again placed in custody.

Merchant filed an application for a bond review hearing. The hearing took place on May 9, and Merchant attended with this attorney. Merchant maintained

he should be released from custody again, arguing that because the plea agreement was for probation, there was no reason not to release him prior to sentencing. The State responded:

> Your Honor, a little caveat to that plea agreement. The plea agreement is for probation as long as Mr. Merchant didn't pick up any pretrial release violations of charges. He has been charged with disorderly [conduct]. While it's a simple misdemeanor, that's a violation of the agreement, and therefore, I'm not bound to make the recommendation for probation at sentencing which is scheduled for next week.

The court asked the State if it knew what it intended to recommend at sentencing, and the State responded that it wanted to review the presentence investigation (PSI) report before reaching that decision. The court ultimately ruled to again release Merchant under pretrial supervision but warned him, "I hope it goes without saying that if you have issues between now and when you're sentenced, it's not going to look real good for you."

Merchant then failed to appear for sentencing on May 16, and a warrant was issued for his arrest. Merchant also failed to appear for the rescheduled sentencing date of May 31. Sometime after May 31, Merchant was arrested and taken into custody. Sentencing for his delivery-of-a-controlled-substance charge was scheduled for and held on July 5.

At the sentencing hearing, the State alerted the court there was a necessary addition to the PSI report because Merchant had since been charged with the class "D" felony of failing to appear. The court clarified there had not yet been a disposition and then stated, "I can't consider an additional charge in making a sentence." The State informed the court it was only raising the issue of the new charge because the State's recommendation of probation was

conditioned on Merchant not receiving any new charges. The court reviewed the trial information of the new charge and determined, "[N]ew charges have been incurred while the defendant was on supervised release, and therefore the State is entitled to withdraw its recommendations for suspended sentence and request that the defendant be sentenced to prison." The State recommended Merchant be sentenced to a term of incarceration, and Merchant asked the court to place him on probation. When addressing the court, Merchant stated:

> I apologize for not showing up for court that day. What happened, like, four hours before sentencing, my lawyer called me. Four hours before sentencing my lawyer called me and said that the prosecutor was trying to send me to prison based on the fact that I had received a simple misdemeanor disorderly conduct on March 31st. The probation department said it was not a big deal, not an issue.
> . . . .
> The day I was supposed to be sentenced, I had a panic attack, anxiety attack, and I just got scared and didn't know what to do. I misunderstood what Mr. Mitchell was saying. I panicked. I called him the next day and talked to his secretary and informed them that—figure out what we can do and I would turn myself in, and the day I got arrested on the warrant, I was on my way back to town to turn myself in to get it taken care of.

Merchant was sentenced to a term of incarceration not to exceed ten years. He appeals.

## II. Standards of Review.

We review a sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

We review Merchant's constitutional issues de novo. *See State v. Brown*, 656 N.W.2d 355, 362 (Iowa 2003) (stating issues involving due process are

reviewed de novo); *see also State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (stating claims of ineffective assistance are reviewed de novo).

**III. Discussion.**

Merchant maintains the district court improperly considered his new charge of failure to appear while sentencing him. "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "[W]hen a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). "The standard of proof during the sentencing stage is lower than the standard used during trial." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

Here, the district court did not consider Merchant's offense of failure to appear when it imposed sentence. The court disavowed its intent to do so, explicitly recognizing on the record that it could not consider the offense. *See Jasper v. State*, 477 N.W.2d 852, 857 (Iowa 1991) (noting the trial court specifically stated it would not consider the inadmissible evidence and affirming denial of postconviction relief); *see also State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004) (noting it is not always fatal when a district court learns of improper evidence and instructing the court to "make it clear the offending evidence was not a consideration"). In imposing sentence, even though the court recognized it could not consider the new charge, the court could consider the State's change

in its sentencing recommendation from probation to incarceration based upon the new charge, as it was part of the plea agreement.

Moreover, even if the court did consider the new charge, Merchant admitted to the offense during his allocution. While Merchant likely meant for his explanation to act as a justification for his failure to appear, nonetheless, he admitted to the offense. We cannot say the district court abused its discretion or acted improperly when it imposed sentence.

Next, Merchant maintains his due process rights were violated when the district court allowed the State to change its plea recommendation at the sentencing hearing. Merchant maintains he did not have notice of the new charge and was unable to defend against it. "[O]nly when it develops that the defendant was not fairly apprised of [the] consequences [of] his plea [can it] be challenged under the Due Process Clause." *State v. Foy*, 574 N.W.2d 337, 339 (Iowa 1998) (final three alterations in the original) (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)). As in *Foy*, "it is clear from the record that [Merchant] was apprised of the consequences of his plea, [thus,] no issue of 'fundamental fairness' arises." *Id.*

At the plea hearing, at which Merchant was personally present, his counsel outlined the plea agreement Merchant and the State had reached, including the statement, "Also, he'll be released under the, I guess, agreement that if he incurs future charges prior to sentencing, the county attorney can withdraw her plea agreement, plea offer, and argue for prison at sentencing." Similarly, at Merchant's bond review hearing, where he was also personally present, the State notified the court of its belief the State was no longer bound by

its prior agreement to recommend probation because Merchant had been arrested for and charged with disorderly conduct. Thus, even if Merchant was unaware before his sentencing hearing that he had been charged with failure to appear, on May 9 he knew both that he had been charged with disorderly conduct—in violation of his pretrial release conditions—and the State may recommend imprisonment as a result. Moreover, Merchant's stated reason for failing to appear was that he learned "the prosecutor was trying to send [him] to prison based on the fact that [he] had received a simple misdemeanor disorderly conduct on March 31st." Merchant's due process claim fails because he was aware the State was not bound by its agreement to recommend probation if he received a new charge. He was also aware before his sentencing hearing that he had received at least one new charge—disorderly conduct—and that the State was contemplating recommending incarceration.

Finally, Merchant raises a number of claims of ineffective assistance. Merchant claims his counsel[1] provided ineffective assistance in the following ways: (1) failing to request a continuance at sentencing after the State brought up Merchant's recent charge of failure to appear; (2) failing to advise Merchant on the consequences of admitting to the new charge; (3) failing to adequately contact Merchant; and (4) generally failing to provide competent assistance. While Merchant makes general statements regarding how the alleged failures of his counsel prejudiced him, he does not explain how the result of the proceedings would have been different if counsel had performed otherwise. *See,*

---

[1] Merchant had a number of different attorneys throughout the proceedings; we generalize his complaints about specific attorneys and refer to each simply as "counsel."

*e.g.*, *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011) (holding when a defendant is establishing he received ineffective assistance at sentencing, the defendant must show "the outcome of the [sentencing] proceeding would have been different" (alteration in original)); *State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2006) (noting the defendant has the burden to prove he suffered prejudice, which—in a guilty-plea case—usually includes proving he would have insisted on going to trial instead of pleading guilty).

Although Merchant has failed to establish how he was prejudiced, his claims must be preserved for possible postconviction relief because the record is not adequate, and we may not rule on the merits of a claim without an adequate record or penalize Merchant for inadequate briefing of the claim on direct appeal. *See State v. Johnson,* 784 N.W.2d 192, 198 (Iowa 2010) (stating defendants, on direct appeal, "are not required to make any particular record in order to preserve the claim for postconviction relief" and when the record is inadequate to address the claim, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim"). We preserve Merchant's claims of ineffective assistance.

**IV. Conclusion.**

Because the district court did not improperly consider a new charge when sentencing Merchant and Merchant's due process rights were not violated, we affirm his conviction and sentence. We preserve Merchant's claims of ineffective assistance for possible postconviction-relief proceedings.

**AFFIRMED.**