# IN THE COURT OF APPEALS OF IOWA

No. 20-1274
Filed September 1, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**MELVIN MARTIN JR.,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Melvin Martin Jr. appeals his convictions for two drug offenses. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Melvin Martin Jr. appeals his convictions for two drug offenses. We find the district court did not abuse its discretion in relieving the State of its sentencing-recommendation obligation under the plea agreement. We affirm.

**I. Background Facts & Proceedings.**

In January 2020, Martin was arrested for two drug offenses. He was placed on pre-trial supervision under the department of correctional services and ordered to "abide by all terms and conditions imposed by the department." Two weeks later, a notice of violation was issued concerning requested drug testing.

Martin and the State reached a plea agreement, a part of which is recited in Martin's petition to plead guilty:

> Unless I commit a new crime, or violate a court order the plea agreement is: The defendant will plead guilty to Counts I, II . . . . The parties will jointly recommend:
> Count I—[Possession of a controlled substance (PCS) third] (D Felony)—term of incarceration not to exceed [five] years, suspended in its entirety, [two to five] years supervised probation to the department of correctional services, supervision fee, $750.00 fine plus 35% surcharge, $125.00 LEI surcharge, $10.00 DARE surcharge, DNA sample, court costs and court appointed attorney fees.
> Count II—PCS [third] Marijuana (Aggravated Misdemeanor)—term of incarceration not to exceed [two] years, suspended in its entirety, [two] years supervised probation, supervision fee, $625.00 fine plus 35% surcharges, $125.00 LEI surcharge, $10.00 DARE surcharge, DNA sample, court costs and court appointed attorney fees.
> The parties jointly recommend that the terms of incarceration in Counts I and II run consecutively to one another.
> **The parties jointly recommend that the defendant's release conditions be modified upon acceptance of the guilty pleas in Counts I and II to release the defendant to pretrial supervision pending sentencing.**

The April 7 court order accepting Martin's guilty pleas provided: "The defendant is released with supervision pending sentencing. Defendant shall report to the Department of Correctional Services [(DCS)] within [twenty-four] hours of his release by calling [the department]." Martin was also required to contact DCS "within [seventy-two] hours" for his presentence investigation report (PSI) and was ordered to file a substance-abuse evaluation with the court before sentencing. Sentencing was scheduled for June 2.

On May 1, Martin's pretrial supervisor filed a report of two violations:

> INCIDENT DATE: 05/01/2020
> . . . .
> Client has failed to contact this office. His [PSI] packet was mailed to him and never returned to sender, but no contact has been received.

> INCIDENT DATE: 04/24/2020
> . . . .
> Second District—Pretrial Release Services—Marshalltown Absent-Violation. Client failed to report the week of 04/20/2020-04/24/2020. No contact has been received.

> COMMENTS/RECOMMENDATIONS:
> Mr. Martin has failed to contact [DCS] as directed. A packet was mailed to him but no response has been received. His whereabouts are currently unknown. This is Mr. Martin's second time being released on pre-trial release and he continues to fail to comply with the basic conditions. It is respectfully recommended a warrant be issued at this time.

The State asked the court to terminate Martin's pre-trial release. The court found "Defendant failed to report to DCS for pre-trial supervision" and issued a bench warrant for Martin's arrest.

Martin was arrested in late May. His sentencing was continued because the PSI was not yet complete, and the order noted Martin had not cooperated in the PSI preparation. In early August, the State filed a notice of intent to withdraw

from the plea agreement based on Martin's breach of the agreement by failing to report to the DCS as required.

At an August sentencing hearing, Martin indicated he had called in to the pre-trial office on April 7. He further explained the PSI had not been completed because he had filed a pro se motion to dismiss his pleas, and the State had informed his counsel of its intent to withdraw from the plea agreement. The court noted the May 5 order finding Martin had failed to report to pre-trial supervision—a violation of a court order. The court determined the State could depart from the joint recommendation in the plea agreement. The court continued the sentencing and ordered Martin to cooperate with preparation of the PSI.

In September, Martin filed a motion in arrest of judgment, claiming he "did not enter his plea knowingly, intelligently and voluntarily" and denying he breached the plea agreement.

At the subsequent sentencing hearing, Martin testified he had spoken with the pre-trial supervision office receptionist when he called in on April 7, was told to call in weekly, and did not receive any further instructions or hear from the office after that. He stated he never received the packet from the pre-trial supervision department. Although he was in jail for almost two months between the two sentencing hearings, he still did not complete his PSI, testifying he never received the packet. Martin did not file a substance-abuse evaluation with the court. Martin requested his sentences be suspended and he serve a term of probation. The State recommended Martin go to prison for each count with the sentences running concurrently.

The court sentenced Martin to a term of imprisonment for each conviction, running concurrently.[1]  Fines and applicable surcharges were imposed and suspended.[2]  Martin appeals.

## II. Analysis.

Martin claims the State failed to establish a breach of the plea agreement, therefore the court abused its discretion allowing the State to withdraw from the agreement.  "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable."  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

"The terms of a plea agreement must be mutual for the agreement to be binding, and '[t]he State has no obligation to make available the anticipated benefits of a plea agreement when the defendant fails to perform his or her end of the bargain.'"  *State v. Jordan*, 959 N.W.2d 395, 400 (Iowa 2021) (alteration in original) (citation omitted).  "In construing a plea agreement, we look to the parties' 'justified expectations.'"  *Id.* (citation omitted).  A defendant who breaches a plea agreement first relieves the State of its agreement obligations.  *Id.*  "The State has the burden to show the defendant has failed to live up to his or her end of the bargain."  *State v. Foy*, 574 N.W.2d 337, 339 (Iowa 1998).  We examine the record to determine if the State has carried its burden.  *Id.*

---

[1] The court noted during sentencing, "[E]ven if the State had recommended probation in light of this information in the court record now today, the court probably would have rejected that recommendation in that event."

[2] The applicable surcharges were reduced from what was recited in the agreement based on a change in the law.

Martin asserts he reported to the pre-trial supervision office on April 7. The pre-trial release revocation was a result of the May report of violation—Martin failed to report to the probation officer the week of April 20 to 24 and failed to complete a sentencing packet that had been mailed to him. The record does not show Martin contacting DCS for his PSI intake. Moreover, even after a direct order from the court to cooperate with his PSI during the first sentencing hearing, Martin continued to choose to not participate. Martin violated multiple court orders by failing to complete his sentencing paperwork packet, failing to report to DCS for his PSI, failing to submit a substance-abuse evaluation, and failing to follow the weekly check-ins terms of pre-trial release.

Under these circumstances, the court did not abuse its discretion in finding Martin breached the plea agreement and relieving the State of its sentencing-recommendation obligation under the plea agreement. *See Jordan*, 959 N.W.2d at 400.

**AFFIRMED.**