# IN THE COURT OF APPEALS OF IOWA

No. 22-1302
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Jonathan Johnson appeals from his convictions and sentence for stalking

in violation of a no-contact order and criminal mischief in the third degree.

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., Chicchelly, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**VOGEL, Senior Judge.**

Jonathan Johnson appeals from his convictions and sentence for one count of stalking in violation of a no-contact order, under Iowa Code section 708.11(3)(b)(1) (2021), and two counts of criminal mischief in the third degree, under sections 716.1 and 716.5(1)(a). He argues the State breached the plea agreement by recommending a harsher sentence than that provided in the agreement.

The State initially charged Johnson with five counts: stalking in violation of a no-contact order, criminal mischief in the second degree, attempted burglary in the second degree, criminal mischief in the third degree, and domestic abuse assault causing bodily injury. In February 2022, Johnson signed a written plea agreement, under which he pleaded guilty to one count of stalking in violation of a no-contact order and two counts of criminal mischief in the third degree. The State, in turn, agreed to dismiss all other charges. The parties agreed to jointly recommend he be sentenced to consecutive terms of incarceration of five years for stalking and two years for each criminal-mischief charge, suspended, plus three years of probation and other provisions. The agreement also provided "the [S]tate is not bound by the agreement if, between plea and sentencing, probable cause exists to believe [Johnson] committed a new crime or violated a court order." The court accepted Johnson's guilty plea, granted him pretrial release with supervision, and ordered him to appear for sentencing in March. The order granting pretrial release provided "[a]ny violation of Pretrial Release Services will be considered a violation of this Court's Order" and "[f]ailure to appear [for the March sentencing] will further constitute a violation of this order."

About two weeks later, pretrial services filed a report stating Johnson repeatedly violated his curfew. In response, the district court revoked his pretrial status and issued a bench warrant. After Johnson failed to appear for his March 2022 sentencing, the court continued sentencing and issued another bench warrant. He was eventually taken into custody, and a sentencing hearing was held in July. When the court asked the parties for their sentencing recommendations, Johnson's counsel first raised the issue of whether he violated the plea agreement, arguing he did not violate the agreement and, even if he violated the agreement and it does not apply, the agreement's recommended sentence was still appropriate. The State then argued the agreement did not apply because Johnson breached it by violating the conditions of pretrial release and failing to appear for sentencing. The State recommended the court impose the consecutive terms of incarceration described in the agreement without suspending the sentence. After both parties presented their arguments, the court found Johnson breached the plea agreement by "failing to obey the conditions of that pretrial release order [and] failing to appear for sentencing," so the State was not bound by the agreement. The court followed the State's recommendation and sentenced Johnson to the three terms of incarceration served consecutively without suspending them, for a total term of incarceration of nine years. Johnson appeals.

The State concedes Johnson's appeal is a challenge to his sentence, which he may raise for the first time on direct appeal. *See State v. Davis*, 971 N.W.2d 546, 555 (Iowa 2022). A claim the State breached an agreement to recommend a certain sentence is a type of sentencing defect, which we review for correction of errors at law. *Id.* at 553.

When a plea agreement requires the State to recommend a certain sentence, the prosecutor has a duty "to 'present the recommended sentence[ ] with his or her approval, to commend the sentence[ ] to the court, and to otherwise indicate to the court that the recommended sentence[ ] [is] supported by the State and worthy of the court's acceptance.'" *Id.* (alterations in original) (quoting *State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015)). However,

> If a defendant fails to uphold his or her end of the agreement, the State has no obligation to provide the defendant the anticipated benefits of the bargain. The State has the burden to show the defendant has failed to live up to his or her end of the bargain. Whether the State has carried its burden is determined by examining the record made at the time of sentencing.

*State v. Foy*, 574 N.W.2d 337, 339–40 (Iowa 1998) (internal citations omitted). "[P]lea agreements are contracts, and accordingly, they are subject to general principles of contract law." *State v. Beres*, 943 N.W.2d 575, 577 (Iowa 2020).

At the sentencing hearing, the State argued Johnson breached the plea agreement by violating multiple court orders, and it thus recommended a sentence outside the agreement. The district court then ruled Johnson breached the agreement and imposed his sentence consistent with the State's recommendation. Johnson does not argue on appeal that the State failed to prove he violated the agreement, so he waives any argument on the issue. *See* Iowa R. App. P. 6.903(2)(g)(3). Instead, he focuses on the timing of these issues, arguing the State breached the plea agreement by recommending a harsher sentence before the court ruled he had breached the agreement. He notes "it is a basic precept of contract law that one side is not free to unilaterally withdraw and go back to the beginning just because it wants to do so." *Id.* at 585.

The plea agreement explicitly provided the State was not bound by its terms upon probable cause Johnson violated a court order. The State pointed to at least two instances of Johnson violating a court order and argued for a harsher sentence. In doing so, the State followed the language of the agreement instead of unilaterally withdrawing "just because it wants to do so." *Id.* Nothing requires the State to obtain court approval before withdrawing from the agreement, so long as the State carries its burden to show Johnson first breached the agreement when called to do so. *See Foy*, 574 N.W.2d at 339–40. This conclusion is consistent with contract law, where "once one party to a contract breaches the agreement, the other party is no longer obligated to continue performing his or her own contractual obligations." *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000) (citation omitted). Additionally, before the court issued its decision, Johnson had a full opportunity to address both his alleged violations and his recommended sentence before the State's argument and afterwards in rebuttal.

Because the plea agreement allowed the State to withdraw upon reasonable cause to believe Johnson violated a court order, and because the State provided proof of such violations, the State did not breach the plea agreement when it recommended a harsher sentence. We thus find no error in his sentence.

**AFFIRMED.**