# IN THE COURT OF APPEALS OF IOWA

No. 24-1451
Filed July 23, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSIE LYNN HILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

A criminal defendant appeals from his sentence, arguing the district court abused its discretion in failing to follow the requirements of Iowa Rule of Civil Procedure 2.10 when imposing his sentence. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Jessie Hill appeals from his sentence, arguing the district court abused its discretion in failing to follow the requirements of Iowa Rule of Civil Procedure 2.10 (2024) when imposing his sentence. We affirm.

## I. Background Facts and Procedure

Hill was charged with domestic abuse assault impeding air flow and causing bodily injury, first-degree harassment, and two counts of false imprisonment in February 2024. Hill entered a written plea agreement with the State. Under that plea agreement, Hill would plead guilty to domestic abuse assault impeding air flow and causing bodily injury (count I) and first-degree harassment (count II). The remaining false imprisonment charges would be dismissed at sentencing. The agreement provided that Hill would serve a suspended five-year sentence on count I (except for the mandatory two days) and a suspended 240-day sentence on count II.

A condition of the agreement was the district court's concurrence to the agreement. Another condition of the agreement was that the State was permitted to:

> withdraw its recommendation and [Hill] may not withdraw the guilty plea under the following circumstances:
>
> 1. [Hill] violates terms of release.
> 2. [Hill] fails to cooperate with Correctional Services in preparing the [presentence investigation report (PSI)].
> 3. [Hill] fails to appear where and as required.
> 4. [Hill] is found to have violated a no contact order after the plea.
> 5. [Hill] fails to abide by this agreement.

Under the circumstances in 1 - 5, the sentencing Court may sentence [Hill] to a less favorable disposition than provided for in this memorandum of plea agreement.

Hill pleaded guilty pursuant to that plea agreement and, in its March order accepting the plea, the district court deferred its decision to accept or reject the plea until it had the opportunity to review the PSI.

In April, the State moved for revocation of Hill's pre-trial release due to Hill's failure to appear for three intake appointments. The district court granted that motion, revoked Hill's pre-trial release, and issued a warrant for his arrest. According to the PSI submitted in August, Hill also failed to appear for his scheduled sentencing on May 24 and a warrant was issued for his arrest. The PSI also reported that Hill provided misleading or inaccurate information in his biographical information form. In July, a jail disciplinary report was filed for Hill "disrupting" and "refusing to obey an order by staff."

Following these actions by Hill, the State recommended a harsher sentence than agreed to in the plea agreement—an indeterminate prison sentence of five years. The State argued at the sentencing hearing that "we believe that the plea agreement was breached when [Hill] failed to cooperate with correctional services in preparing the PSI, . . . failed to appear where and as required, which he failed to appear for the PSI for nearly two months." Hill did not argue that this recommendation breached the agreement nor did he argue that he had not violated the terms of the agreement.

The district court sentenced Hill to sentences of five years for count I and two years for count II, to be served concurrently. The court found that "the State [was] within its rights to withdraw its recommendation based on the fact that you

violated the terms by not cooperating with correctional services in preparing the PSI." But it also found that "[a]s I look at the plea agreement, I actually had down before I knew the State was going to try to withdraw the same to reject the plea agreement as written because I don't believe that it properly protects the community." The district court noted the "escalating" nature of Hill's crimes over time:

> And the problem I have when I look through all this is that things seem to escalate. You went from what would be considered a simple domestic assault to one where there is impeding the flow of air and blood to now we have impeding the air and flow of blood while causing injury. These things are escalating. It's causing a danger to society. It's causing a danger to the victim. It's causing a danger to the people that come in contact with you.

Hill now appeals his sentence.

## II.     Standard of Review

We review the sentence imposed by the district court for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We do not reverse the district court's sentencing decision "absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

## III.     Discussion

Hill argues the district court abused its discretion in failing to follow the requirements of Iowa Rule of Civil Procedure 2.10 when imposing his sentence.

A rule 2.10 guilty plea requires the district court to either agree to be bound by the plea's terms or permit the defendant to withdraw the plea. Rule 2.10(3)(a) states:

> When the plea agreement is conditioned upon court approval of a sentencing agreement, and the court accepts the sentencing agreement, at or before the time the plea is accepted, the court shall

inform the defendant that it will adopt the disposition provided for in the agreement or another disposition more favorable to the defendant.

But rule 2.10(3)(b)(1) provides that "[i]f the court defers its decision to accept or reject the plea agreement and later decides to reject the plea agreement after receiving the presentence investigation report, the court shall . . . afford the defendant the opportunity to withdraw the plea."

Here, Hill argues the district court rejected the plea agreement and wrongfully failed to permit him to withdraw his plea, and the State argues that Hill's breach of the agreement's terms made the agreement "null and void." Both sides miss the mark. Hill does not dispute that the district court was within the bounds of its discretion to defer its decision to accept or reject the terms of the agreement until the PSI was completed. And Hill does not dispute that, after the court deferred its decision, he did not comply with the special conditions under the agreement's section five. That section expressly provides that Hill "may <u>not</u> withdraw the guilty plea." He also does not dispute that his failure to comply permitted the State to "withdraw any recommendation previously agreed to." And the agreement further provides that, if Hill were to fail to comply with section five, "the sentencing Court may sentence Defendant to a less favorable disposition than provided for in this memorandum of plea agreement."

The district court expressly followed the terms of the agreement. Hill did not breach the agreement. Rather, he failed to follow a condition precedent necessary to guarantee a suspended prison sentence. The plea agreement contemplated multiple outcomes dependent on Hill's pre-sentencing conduct. The State recommended a less favorable sentence, as it was permitted to do if Hill

failed to comply with section five of the agreement. And the district court imposed a less favorable sentence, as the plea agreement stated it may do if Hill failed to comply with section five of the agreement. So, the district court complied with the terms of the agreement—meaning it accepted and followed the plea agreement.[1] Indeed, the district court never stated it was rejecting the plea agreement. And because it accepted the agreement, rule 2.10(3)(b)(1)'s requirements for permitting withdrawal of the plea by the defendant do not apply.

But we caution against the State's characterization that the agreement was "null and void" following Hill's failure to comply with section five. In the case the State cites for that broad proposition, *State v. Foy*, our supreme court did not hold that the plea agreement at issue in Foy's appeal was "null and void." 574 N.W.2d 337, 339 (Iowa 1998). Instead, the supreme court cited the district court's finding that the plea agreement's terms, which would have suspended Foy's sentences, were "null and void" once Foy breached the agreement's terms. *Id.* Our case law supports the proposition that the contract law term "null and void" is often used interchangeably with "voidable." *State v. Powell*, No. 17-0882, 2018 WL 3912110, at *3 (Iowa Ct. App. 2018) (collecting cases where "null and void" has been interpreted to mean "voidable"). "'[V]oid' has been used, even by judges and the framers of statutes, where 'voidable' is meant." *Id.* (quoting *Contract—void contract*, Black's Law Dictionary (10th ed. 2014)).

---

[1] Because the district court accepted and followed the specific and determinative terms of the plea agreement, the question arises, is there good cause for this appeal to be heard? *Cf. State v. Jenkins*, No. 21-1828, 2022 WL 16630805, at *2–3 (Iowa Ct. App. Nov. 2, 2022). Because neither party litigated this issue, we reserve its resolution for another day.

In *Foy*, the district court's use of the term "null and void"—which the supreme court did not endorse—is more consistent with the term "voidable" because the "void" would suggest the agreement's terms were invalid and never had any legal effect. *See Void*, Black's Law Dictionary (12th ed. 2024). Neither the supreme court nor the district court suggested that interpretation should apply to Foy's plea agreement. Instead, Foy's failures triggered other conditional terms of his plea agreement which permitted the district court to refuse to allow Foy to withdraw his plea. *See Foy*, 574 N.W.2d at 340; *cf. Voidable*, Black's Law Dictionary (12th ed. 2024) ("This term describes a valid act that may be voided rather than an invalid act that may be ratified.").

We also see no abuse of discretion raised by Hill's assertion that "the Court had already made the decision to reject the plea agreement" before sentencing. The court's consideration of what sentence to issue prior to the sentencing hearing is not an abuse of discretion. The act of discretion does not occur until the district court issued Hill's sentence. The court issued Hill's sentence at the sentencing hearing after having deferred its decision on the plea agreement pursuant to rule 2.10. And because the court did not reject the terms of the plea agreement, it did not need to provide Hill the opportunity to withdraw his plea. The agreement provided that Hill could not withdraw his plea if he violated section five of the agreement and the agreement further permitted the court to sentence him to a less favorable sentence. Thus, the court did not abuse its discretion. We affirm.

**AFFIRMED.**